<em>Decree reversed.</em>

## COMMERCIAL INSURANCE COMPANY

### v.

## TREASURY BANK.

1. INSURANCE POLICY—*indorsement to pass title.*  The plaintiff brought suit on a policy of insurance, payable to third parties who were the assured, upon the back of which was indorsed: "Loss, if any, under this policy is hereby made payable to the Treasury Bank of Chicago, as its interest may appear." Signed, "J. Farmer, Sec'y."  The declaration set out the policy in *hæc verba,* without any averment that the indorsement was made by the company, or that the assured had requested or consented to it: *Held,* that the declaration failed to show any right of action in the bank, and was bad on motion in arrest of judgment.

2. SAME—*assignment.* In order to give a right of action on a policy of insurance for a loss, to an assignee in his name, the insurance company and the assured must act together in effecting an indorsement.

3. PLEADING—*defects cured by verdict.* If a cause of action be stated, though ambiguously and defectively, a general verdict will cure the defect; but where there is no statement of any cause of action or right in the plaintiff to maintain the suit, the omission will not be cured by the verdict. Nothing will be presumed after verdict but what is expressly stated in the declaration, or is necessarily implied from the facts which are stated.

4. PLEADING AND EVIDENCE. The plaintiff need not prove more than is expressly stated in his declaration, or is necessarily implied from those facts which are stated.

5. ARREST OF JUDGMENT. Where a declaration fails entirely to show any right in the plaintiff to maintain the action, as where the suit is upon an instrument payable to a third party, and no indorsement or transfer is averred, a motion in arrest of judgment should prevail.

APPEAL from the Superior Court of Chicago; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. DENT & BLACK, for the appellant.

Messrs. WAITE & CLARKE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The declaration sets out, in *hæc verba,* a copy of a policy of insurance payable to Boyington, Cash & Wilder, on the back of which is the following indorsement: "Loss, if any, under this policy, is hereby made payable to the Treasury Bank of Chicago, as its interest may appear. Nov. 28, 1866, J. Farmer, Sec'y."

There is no averment in the declaration that this indorsement was made by the company, or that the assured requested it, or consented to it.

Objection was made to the introduction of the policy, when offered, and a motion in arrest of judgment was also made.

The pleader has merely averred, in the declaration, that the insurance company executed to Boyington, Cash & Wilder a

certain policy in writing, of the words and figures following,—
and then follows the policy, dated August 10, 1866. On the
back is the indorsement before referred to, of a subsequent
date, but the declaration contains no averment whatever in
reference to the indorsement.

It was essential to this action that the Treasury Bank should
have a right to the policy. This it can not have, without the
assent of the company and the assured. They must act in
effecting the indorsement. Without some allegation in the
pleading, the mere indorsement proves nothing. No proof
would be required in regard to it.

The averment that the following policy was executed to the
party originally assured, does not, in the remotest degree, con-
nect the bank with the policy. This averment has reference
solely to the original policy, and not to the indorsement; be-
cause the execution of the latter, so far as the pleadings show,
was long subsequent to the execution of the former.

The mere indorsement, then, without apt averments to show
that it was a part of the policy, and the manner in which it
became such, conferred no right upon the bank to maintain
the suit.

Is the omission to state the cause of action cured by ver-
dict?

The rule is, that, if the plaintiff totally omit to state his
title or cause of action, it need not be proved at the trial, and
therefore there is no room for presumption. *Rushton* v. *As-
penwall*, Doug. 679.

This is not the case of a title defectively set out, which will
be aided by verdict, but the total omission of any title in the
plaintiff. No implication can arise from any allegation of
right in the plaintiff, for there is none. Hence nothing is
presumed after verdict, but what is expressly stated in the
declaration, or necessarily implied from the facts stated. 2
Tidd Pr. 919.

Sergeant Williams, in the note to *Strund* v. *Hogg*, 1 Wm.
Saund. 228 e, says: "The plaintiff need not prove more than

what is expressly stated in his declaration, or is necessarily implied from those facts which are stated."

See also *Weston* v. *Mason*, 3 Burr. 1725.

The doctrine is fully settled by all the authorities, that, if a cause of action be stated, though ambiguously and defectively, a general verdict will cure such ambiguity and defect. The presumption then will be, that all the proof necessary to complete the cause of action was made at the trial.

But if, as in this case, there is no statement of any cause of action, no averment that the loss was payable to the plaintiff, with the consent of the company, the omission is not cured by verdict.

The motion in arrest should have prevailed, and the judgment is reversed and the cause remanded.

*Judgment reversed.*