## MOLINE PLOW CO.

### v.

## LEWIS ANDERSON.

MASTER AND SERVANT—INSTRUCTION—DEFECTIVE TOOLS.—An instruction that "the law requires the master to exercise reasonable care in selecting safe tools and appliances which the master is required to furnish for his servants' use in his employ; and although a tool may be in doubtful safety and although its character may be as well known by the servant as the master, yet if the master, knowing the defect, or if he could have known it by the exercise of due diligence, commands, urges or induces the servant to so use the tool, and the servant is injured by the use of it while exercising due care in his own behalf, then," etc., *held*, erroneous in not adding the proviso to the rule, that if the tool or implement was so obviously insufficient that no prudent man would have used it, then there could have been no recovery.

APPEAL from the Circuit Court of Rock Island; the Hon. A. A. SMITH, Judge, presiding. Opinion filed April 5, 1885.

Mr. EUGENE LEWIS and Mr. W. H. GEST, for appellant.

Mr. WM. JACKSON and Mr. M. M. STURGEON, for appellee.

LACEY, P. J. This was an action on the case by the appellee against appellant to recover for injury received by the breaking of a stick in moving a grind-stone from the out to the inside of the shop, and the consequent falling of the stone on his leg and injuring him. The verdict and judgment was $2,000.

The appellant was engaged in the manufacturing of plows, and the appellee was one of its servants or employes engaged in grinding smoothly the face of the mold-board of the plows being manufactured. He, at the time the accident happened from which he suffered the injury, damages for which is sued for here, was associated with a number of other employes, all under the control of Orlof Erickson, their foreman. There was evidence tending to show that a part of the duties of these

servants was to remove grind-stones from the outside of the shop to the inside, where the polishing was being done by means of these stones, a distance of about fifty feet, and place them in position as fast as the one in use gave out. The employes were in the habit of assisting each other. The stones were large, six feet in diameter and nine inches thick, and weighed about 2,500 pounds, and were rolled in by means of a stick passed through the eye of the stone, which the men took hold of on either side to steady it in rolling. The work of grinding the plows was done for so much for each piece so finished, and no extra pay for bringing in the stones. On this occasion ten of the men, appellee among them, went out to assist one Peterson to bring a stone, which he needed, his having been ground up, and finding the stick of hard wood that they had been accustomed to use broken, the evidence tends to show that Erickson urged and requested the appellee, with the others, to use a pine stick with four to six knots in it and not strong enough to do the work, after appellee had called his attention to the fact, claiming it was not strong enough. Accordingly the stick was placed through the eye of the grind-stone, and in attempting to roll the stone into the shop, in the ordinary way, the stick being used to hold up and steady the stone, it broke and the stone fell and broke into four pieces, a piece falling on each leg of the appellee, one being broken by the fall of the stone above the knee, and the other knee being injured. Thus a most serious injury was sustained.

It is claimed by appellee and denied by appellant that Erickson had, by virtue of his employment by the latter, the direction and control of the men in moving the stones as well as inspecting the grinders. It is claimed on the one side and denied on the other that Erickson urged appellee to use the pine stick after having been notified that it was not fit for the purpose.

We think that at least the evidence tends to show the affirmative of both contentions. It was contended before the jury, and is here, that the appellee was guilty of such concurrent and contributory negligence as to bar him from the right

to recover, by reason of using the defective stick, even after being urged to do so by Erickson, if he was so urged.

We think it is also fair to say that there was evidence tending to show the degree of negligence so claimed by appellant against the appellee. We are not called upon, nor do we think it proper under the circumstances, to make any further comments upon the weight of evidence as to the points named.

The determination of this last question of fact was of very great importance, and a most vital question.

If the jury had determined this question against appellee the verdict should have been for appellant instead of appellee, and, if in favor of appellee, and the other questions of fact were determined likewise, then the verdict is correct.

It became most important, then, that the jury should have been accurately instructed on this question of contributory negligence. The general rule of law is that where the servant has full knowledge of the unfit character of the tools or implements with which he is performing the work for his master, and continues to remain in such employment and use the tools and implements, and an accident happens on account of such defect or character of the implements, he can not recover the damages of the master. But this rule has its exceptions, one of which is that if the master, knowing the character of the tools and implements, or, if negligent in not knowing it, commands or urges the servant to use it, and the servant obeys and accident happens in consequence, then the servant is not barred from recovery on account of his previous knowledge of such defects.

Again, there is an important exception to this rule, and that is, if the tool or implement is so obviously insufficient that no prudent man would have used it, then he is barred, notwithstanding such order or urging. This exception is stated in various language by the courts; one is, " if the defect was so great that obviously with the use of the utmost skill and care the danger was imminent, so much so that none but a reckless man would incur it, the employer would not be liable;" again, " if a man of common prudence would refuse to use it,"

the master would not be liable. Paterson v. P. & C. R. R. Co., 76 Penn. St. 389. We prefer the latter expression as being more simple and easier understood. The law recognizes that under the influence of a direct and personal order or urging of this kind, the master and servant do not stand on an equality. The servant is not left to his cool judgment, but acts under the personal influence of the master, which for many obvious reasons is often great. The law makes allowances for this, and visits the consequence of the negligence on the master. We refer to the following cases bearing more or less on the doctrine: C. R. I. & P. R. R. Co. v. Clark, 11 Bradwell, 104; Penn. Co. v. Lynch, 90 Ill. 333; M. F. Co. v. Abend, 107 Ill. 44; Wood on Master and Servant, p. 760, Sec. 367. In the case of Abend, *supra*, cases are cited with approval by the court, that announce the doctrine here laid down, though in that case there is a different exception to the general rule, which, however, illustrates the principle here announced, and rests on like grounds.

The only instruction given to the jury upon this question was the third of appellee's series, which is as follows:

3. "The court further instructs the jury that the law requires the master to exercise reasonable care in selecting safe tools and appliances which the master is required to furnish for his servants' use in his employ; and although a tool may be in doubtful safety, and although its character may be as well known by the servant as the master, yet if the master, knowing the defect, or if he could have known it by the exercise of due diligence, commands, urges or induces the servant to use the tool, and the servant is injured by the use of it while exercising due care in his own behalf, then the master would be liable to the servant for any injury received because of the defective tool or appliance."

It will be seen that this instruction does not provide for the limitation contained in the law. It does not add the proviso, after stating the rule, in regard to the servant being urged by the master, that if the tool or implement was so obviously insufficient as that no prudent man would have used it, then there could have been no recovery.

It is insisted that the words after the word tool, "and the servant is injured by the use of it *while exercising due care* in his own behalf," has reference to the care in proceeding to use the tool as well as in the use of it after he has decided to use it. Such, in our opinion, would not be a fair construction of the phrase contained in the instruction.

By the clause quoted, the *care* mentioned has reference alone to the manner of using the tool, a stick in this case, and could not have been understood in any other way by the jury.

In view of the evidence in the case, and especially that portion of it with reference to the character of this pine stick, this rule of the law should have been plainly submitted to the jury as one of the hypotheses in the case, instead of having it excluded from it as was done by this instruction. The oral modification of an instruction by the court was improper, but the modification might not have been considered of sufficient importance by this court in itself to call for a reversal of the judgment. For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.