MOLINE PLOW COMPANY

v.

LEWIS ANDERSON.

*Personal Injuries—Action by Employe for Damages—Conflict of Evidence—Instructions—Defective Declaration—Arrest of Judgment.*

1.   The court may properly refuse to give an instruction which states an abstract proposition of law.

2.   Where the declaration states a cause of action, though ambiguously and improperly, a general verdict will cure the defect therein.

3.   In an action by an employe against his employer to recover damages for a personal injury, it is *held:* That the questions of fact involved must be considered as settled in favor of the plaintiff by the verdict of the jury, the evidence being conflicting; that there was no error in giving and refusing instructions; and that there was no manifest error in overruling the motion in arrest of judgment.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. IRA O. WILKINSON and EUGENE LEWIS, for appellant.

Messrs. WILLIAM JACKSON and M. M. STURGEON, for appellee.

BAKER, J.   This case was before us on a former appeal. See Moline Plow Co. v. Anderson, 19 Ill. App. 417.   A sufficient statement of the facts will be found in the opinion there reported.   The last trial seems to have been in substantial conformity with the views of this court, as expressed in the opinion indicated.   The judgment now at bar is for $1,600 damages.

Upon the trial the evidence was quite conflicting, and we must regard the controverted questions of fact as settled by the verdict of the jury in favor of appellee.

The contention of appellee was and is, that he was in the

employment of appellant as a grinder of plows, and that, as such, it was a part of his duty to his employer to assist his fellow servants in moving new grindstones, when needed, from the outside to the inside of the grinding shop; that his compensation for such labor was included in the price paid for the piece-work done by him, and that Olof Erickson, foreman of the grinding shop, had control and direction of the grinders, both in the shop and in the work of moving the grindstones. The decided weight of the evidence tends to establish this view of the case, and that the labor of bringing in new grindstones, to replace such as became worn out and unfit for use, was a part of the work of a grinder, and included in his employment. We think, therefore, that the objections urged against the 2d, 3d and 5th instructions, given at the instance of the appellee, are untenable, and that those instructions were necessary and proper, as they merely stated the law that was applicable to the case in the event the jury found the facts to be as claimed by appellee.

The 18th instruction offered by appellant was refused by the court, and there was no error in so doing. If appellee, while engaged in rolling the grindstone, was the servant of the company, and if Erickson had authority from the company to direct and control such operation, then it is wholly immaterial that the corporation did not give special authority to their foreman to order the employes to use the particular stick in question.

The 19th instruction stated an abstract principle of law, and its tendency would have been to draw the attention of the jury from the real questions at issue, and it was properly refused.

The sixteen instructions that were asked by appellant and given by the trial court, presented the law of the case to the jury as favorably and fully for appellant as could reasonably have been desired.

Exception is also taken to the action of the court in overruling the motion in arrest of judgment. The grounds urged for the motion are, that the declaration does not allege that Erickson, the foreman, had authority to command appellee to help take in the grindstone, and that the declaration does not aver that it is the duty of appellee to help take in the grind-

stone when ordered by Erickson. The declaration is not as specific in these respects as it should have been. It does, however, allege, among other things, that the plaintiff was an employe of the defendant, that Erickson was foreman in the department in which plaintiff was employed, and had authority from the defendant to command the plaintiff and his fellow-servants in said department, and that plaintiff, along with other employes, was required by said Erickson to roll one of said grindstones, etc., etc. The duty of the defendant to provide a suitable stick or piece of timber for the work, and its breach of duty in that respect, are also fully stated in the declaration.

We do not regard this as a case where the declaration fails to show that the plaintiff has any cause of action whatever, but merely as a case in which the cause of action is defectively and inaccurately stated. The rule is, that if a cause of action be stated, though ambiguously and imperfectly, a general verdict will cure the defect. Where the statements in a pleading are insufficient in themselves, and yet are of such a character as to force upon the mind of the court the conclusion that all must have been proved upon the trial which should have been stated in the pleading, then the defective pleading is aided by intendment after verdict, and the court may render judgment. 1 Chit. Pl. 712; Wann v. Harris, 2 Gil. 307; Smith v. Curry, 16 Ill. 147; Commercial Insurance Co. v. Treasury Bank, 61 Ill. 482; Heiman v. Schroeder, 74 Ill. 158.

In our opinion there was no manifest error in overruling the motion in arrest of judgment.

We may remark, in passing, that it appears, both from the evidence and from the instructions of the court, and more especially from several that were given at the instance of appellant, that the case was tried by both parties and submitted to the jury upon the theory and understanding that the declaration contained the specific averments, the want of which was afterward made the basis of the motion in arrest. So it would seem, that, as matter of fact, no possible hardship was occasioned or actual injustice done, by overruling the motion.

Finding no error in the record which should reverse, the judgment is affirmed.

*Affirmed.*