## FRANK KEY ex rel. WARREN HEATON, Respondent, v. CONTINENTAL INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, April 14, 1903.**

1. **Insurance, Fire:** POLICY, AN ASSIGNMENT THEREOF: NO CLAUSE AGAINST ASSIGNMENT, RULE. If there is no clause against the assignment of a policy without the consent of the company, an assignment of it will not necessarily work a forfeiture, but the assignee will not be able to sue in his own name, but will have to sue in the name of the assignor to his own use, unless there is an enabling statute.

2. ———: POLICY, AS A COLLATERAL: MORTGAGE CLAUSE, CLAUSE AGAINST ASSIGNMENT IN POLICY. The deposit, as collateral security, by a mortgagee, with one to whom he assigned the mortgage note, of the fire policy on the mortgaged property, containing a mortgage clause, even if not within the provision of the policy, that no assignment of it can be made without the consent of the insurer, still such assignment will not be void.

3. ———: NOTE, INDORSEE THEREOF: ENTITLED TO LIEN ON POLICY AS COLLATERAL FOR NOTE. The indorser on the note, notwithstanding he deposited the policy as collateral to secure payment of the note, will be liable on the note, and because thereof, has such an interest in the policy as would entitle him to bring suit upon it.

4. ———: ASSIGNMENT OF POLICY AS COLLATERAL: ASSIGNOR MAY SUE FOR ASSIGNEE. The code requirement that an action be brought in the name of the real party in interest, does not prevent suit by the assignor of an insurance policy for the benefit of the assignee, where the assignment passed only the beneficial interest of the assignor, as in this case, and this is by virtue of the common-law procedure.

5. ———: ———: REAL PARTY SUING: INDORSER OF NOTE AND ASSIGNEE OF POLICY ALSO. Plaintiff, who is the real party in interest on account of his indorsing a note, may sue on a policy issued to him and deposited as collateral with the indorsee of said note, for the benefit of the assignee of said policy, and this is to meet the requirements of the code.

Appeal from Newton Circuit Court.—*Hon. H. C. Pepper*, Judge.

Affirmed.

*Sturgis & Geyer* for appellant.

(1) The case is entitled "Frank Key, to the use of Warren Heaton, plaintiff," but the petition proceeds in the name of the plaintiff alone and no further statement or reason is given why he sues to the use of another except as one draws his own inference from the facts stated as to his being interested only as mortgagee, and that interest he had parted with to Heaton. It is apparent that Heaton is the real party in interest. "Every action shall be prosecuted in the name of the real party in interest," except executors, administrators and trustees of an express trust. R. S. 1899, secs. 540 and 541; Hutchings v. Weems, 35 Mo. 285. (2) "If the plaintiff had, before suing, parted with all interest in the subject-matter of the suit, there was nothing remaining to him upon which he could maintain an action." Buffington v. Land Co., 25 Mo. App. 492; Gardner v. Armstrong, 31 Mo. 535. (3) Nor could Heaton, the usee, sue in his own name, as he is a stranger to the contract. Kansas City Pipe Co. v. Thompson, 120 Mo. 218. (4) Insurance contracts are personal. They do not run with the property. 1 May on Ins. (4 Ed.), sec. 6; McDowel v. Morath, 64 Mo. App. 290; 3 Royse on Ins., secs. 2304, 2307. (5) "In every case it must appear that the policy was made and intended to be in behalf of the one seeking to recover." Ibid., sec. 447b. "But fire insurance policies at least are not assignable at law, and while the risk continues can not be assigned without the consent of the insurer. . . . Marine policies are sometimes considered as rather assurances of the thing than of the person, but fire policies are special agreements only with the person insuring." Jecko v. Ins. Co., 7 Mo. App. 316. (6)

Let it be understood, however, that it is not claimed that Key as mortgagee had no insurable interest in the property. A mortgagor and mortgagee may each independently insure the same property and each and both recover in case of loss independently of the other. May on Ins., sec. 449, cases cited.

*George Hubbert* for respondent.

(1) The mortgage clause of the policy here is what is known sometimes as the "union" or "long form" mortgage clause, and it constitutes an independent insurance of the mortgagee direct. "It creates a new and distinct contract between the insurer and the mortgagee, and effects a separate insurance of the interest of the mortgagee." And so, Key must be taken as the contracting owner, trustee and legal holder of the policy sued, for the purposes of this case. 13 Am. and Eng. Ency. Law (2 Ed.), pp. 206-7; 11 Ency. Pl. and Pr., p. 394; Parks v. Ins. Co., 26 Mo. App. 511; Investment Co. v. Ins. Co., 62 Mo. App. 315; Franklin v. Ins. Co., 43 Mo. 491; Bidwell v. Ins. Co., 40 Mo. 42. (2) Appellant's closing concession that Key has an interest in the subject of the action, under reference to sections 82, 83, May on Insurance, goes far to justify this action in its present form; and the following quotation from section 83 seems conclusive as to Key having yet an actionable interest as contracting mortgagee and trustee, and as Heaton's indorser and pledgor: "A mortgagee's interest . . . in the protection of the property as a fund out of which to pay the debt, is undoubtedly insurable; and he does not lose that insurable interest, although he sell and assign the mortgage and the note thereby secured, if he indorse the note. His responsibility for the debt remaining, he is still interested in the preservation of the property, out of which to pay what has ceased to be debt due him indeed, but nevertheless a debt due another, and which he has

assumed in a certain contingency to pay.'' May Ins., sec. 83; Phoenix Ins. Co. v. Omaha, etc., Co., 25 L. R. A. 679; McComas v. Ins. Co., 56 Mo. 373. (3) Generally, where an action is brought in the name of an assignor by the assignee or person beneficially interested, the defendant can not avail himself of the plaintiff's want of interest. The debtor's concern should be to promptly pay his dues in such way that the fund will reach its true destination. Labeaume v. Sweeney, 17 Mo. 157. And while beneficiaries may, in many cases, be proper parties, they are not for that reason necessary parties. Bircher v. St. Louis Metal Co., 77 Mo. App. 509.

GOODE, J.—A. J. Fugitt was the owner of a two-story frame house, on which the Continental Insurance Company of New York wrote a policy of insurance, with a mortgage clause attached which made the loss payable to Frank Key, the respondent. The policy was issued April 22, 1901, and on the same day Fugitt put a mortgage on the house to Frank Key to secure a negotiable promissory note of $300, payable July 2, 1901. Before the maturity of the note Key indorsed and delivered it for value to Warren Heaton and also delivered the insurance policy as collateral security to Heaton who is still the owner of the note which, when it matured, was protested for non-payment. Key was notified as indorser and is liable on his indorsement to Heaton for the amount of the note. After the transfer of the note the house burned and as the insurance company refused to pay the policy, this action was instituted by Key to the use of Heaton to compel payment.

The case went off on a demurrer to the petition in the court below, but it will not be necessary to copy the petition as the above statement embraces the allegations material to the decision.

The policy of insurance was filed with the petition and made part of it, but is not preserved in the abstract

of the record filed in this court, which merely contains a recital that it was in the ordinary form. The mortgage clause, however, was preserved and is as follows:
"Minnesota Standard Policy.    Schedule A. 16.

"Mortgage clause with full contribution.

"Loss or damage, if any, under this policy shall be payable to Frank Key as the mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall on demand pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms; but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

"In case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or

damage sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise.

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principle due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his claim.

"Dated April 22, 1901.

"Attached to and forming a part of policy No. 586."

The grounds of demurrer relied on are that there is a defect of parties plaintiff, as Key had no interest in either the policy or the building after he transferred the note to Heaton and, therefore, had no right of action on the policy; further, that the deposit with or the assignment of the policy to Heaton is not averred to have been made with the consent of the company, so that Heaton acquired no interest in it or its proceeds. The demurrer was overruled and as defendant refused to plead further, final judgment was entered according to the prayer of the petition and the defendant appealed.

What proviso the policy contains about an assignment is not disclosed further than the statement that it was similar to policies in common use, which contain a clause rendering an assignment without the consent of the company void. When there is no such clause an

unauthorized assignment of a policy does not necessarily work a forfeiture, but the assignee can not sue on it in his own name unless there is an enabling statute. This is because a contract for fire insurance is one of personal indemnity into which the character of the insured for trustworthiness and prudence enters as material to the risk. Such agreements are, therefore, exempt from the general rule that assignments of those choses in action which survive the decease of the original holder, carry the right of action as well as the beneficial interest to the assignees, who are permitted, and indeed, obliged by the code to sue in their own names.

But in the present case we have to deal principally with the mortgage clause, which was a contract of insurance between the mortgagee, Key, and the company, separate and distinct from the one between Fugitt and the company. Lombard Inv. Co. v. Ins. Co., 62 Mo. App. 315; Hastings v. Ins. Co., 73 N. Y. 141. We doubt whether the rule of law that a contract of insurance can not be assigned without the company's consent is applicable to these separate agreements with mortgagees, the primary purpose of which is to secure the mortgage debts. It must be of slight importance to an insurance company what person is thus secured as mortgagee in comparison with its interest in the owner of the property covered, whose character tells directly on the risk. Nor is there any good reason why the transfer of a policy by the insured should not be as permissible as the transfer of any other chose in action, if the ownership or occupancy of the property remains unchanged so that the risk is not increased. But the law seems to prohibit the assignment of an insurance policy without the company's consent.

If there was a provision in this policy that the assignment of it without the consent of the company should render it void (and granting that such a provision takes effect on the mortgage clause, which we doubt) the question arises whether the deposit of the policy

with Heaton as collateral security was a transaction that fell within the clause of avoidance. This question is answered in the negative by all the cases we have found in which the point is decided and by all the text-books. Such a disposition of the policy will be held valid unless restrained expressly or by necessary implication, and the ordinary provision against assignment does not restrain it. Ellis v. Kreutzinger, 27 Mo. 311; True v. Ins. Co., 26 Fed. 83; Giffey v. Ins. Co., 100 N. Y. 417; Schneider v. Newark Ins. Co., 139 Mass. 57; 3 Joyce, Insurance, secs. 2311-2315; 2 May, Insurance (4 Ed.), sec. 379; Ostrander, Insurance, sec. 212; 13 Am. and Eng. Ency. Law, sec. 187. The point under discussion is not affected, therefore, by any clause the policy may contain providing that an unauthorized assignment shall end the risk.

The effect of the deposit of the policy with Heaton along with the transfer of Fugitt's note, was to give Heaton an equitable lien on the proceeds in case of loss, equal to the amount of the mortgage debt. Ellis v. Kreutzinger, supra; Cromwell v. Ins. Co., 44 N. Y. 42; Leinkauf v. Calman, 110 N. Y. 50; Wakefield v. Martin, 3 Mass. 558. Granting that the assignment to Heaton was imperfect and did not pass the legal rights which Key held by virtue of his contract with the company, for reasons peculiar to contracts of that character, the consequence is that Heaton can not maintain an action at law for the insurance money in his own name. But independent of the code requirement that actions must be brought in the name of the real party in interest, an action lies in Key's name as assignor to the use of Heaton as assignee by virtue of the common-law procedure. Jessel v. Ins. Co., 3 Hill. (N. Y.) 88; Palmer v. Merill, 6 Cush. 282; Commercial Ins. Co. v. Bank, 61 Ill. 482; New Eng. Ins. Co. v. Wetmore, 30 Ill. 221; Hobbs v. Ins. Co., 1 Sneed 444; Carter v. Ins. Co., 1 Johns. Chan. 463; N. Y. Life Ins. Co. v. Flack, 56 Am. Dec. 742, note;

2 May, Insurance (4 Ed.), 477; 4 Joyce, Insurance, sec. 3615, and citations; Ostrander, Insurance, sec. 212.

Appellant appeals to the code regulation that actions shall be prosecuted in the name of the real party in interest to defeat the respondent Key's case, on the ground that he has no interest. The assumption that Key has no interest of a substantial or beneficial nature in the cause of action he is prosecuting, is unwarranted, as we shall presently show. But apart from that consideration, the appellant's position is untenable; for the code only takes away the right of an assignee to sue at law in the name of the assignor in instances where the right is no longer useful because the assignee may sue in his own name. If the transfer of the mortgage clause and policy by the first mortgagee, Key, to the second mortgagee, Heaton, passed the beneficial interest but not the legal obligation of the contract between Key and the company (as we concede only for the argument), Heaton's common-law privilege of suing in Key's name remained intact, since the code was enacted to aid and not to impair the remedy.

Considering the case next on the assumption that the code operates on it and requires it to be prosecuted in the name of the real party in interest, that requirement is fully met by the substantial interest which Key has in the subject-matter of the litigation. Key had no direct interest, either legal or equitable, in the building when it burned, nor was it necessary that he should have to maintain this action. Parks v. Ins. Co., 26 Mo. App. 511. He had at that time, and still has, a direct pecuniary interest in the contract of insurance and that contract is the subject-matter of the litigation. Key's interest arises from the fact that he is liable to Heaton as indorser of Fugitt's note. In fact, his liability is no longer contingent, but became fixed and absolute by the demand on Fugitt for payment of the note and notice to Key of his default. As the purpose of the contract between Key and the appellant company

was to prevent the former from suffering loss on the note by the burning of the house which secured it, in order for that purpose to be realized the contract must remain in full force so long as Key is threatened with loss.

The question of what interest is sufficient to keep an insurance contract alive in favor of the party with whom the company made it, has often engaged the attention of the courts, with a result which may be expressed by saying that so long as the insured is exposed to the danger of the loss against which he was indemnified, the insurance continues in force. 2 May, Insurance, sec. 381. "What is the interest in the property which shall make the contract valid? We think the best definition to be, any such interest as shall make the loss of that property a pecuniary damage to the insured." 1 Parsons, Marine Insurance (Ed. 1868), 161. "An insurable interest in property is a right, benefit, or advantage arising out of or dependent thereon, or any liability in respect thereof, or any relation to or concern therein, of such a nature that it might be so affected by the contemplated peril as to directly damnify the insured." 2 Joyce, Insurance, secs. 887, 888; see also the cases cited in the notes.

The leading authority is Lucena v. Crawford, 1 Bos. & P. N. R. 269, wherein it was said:

"A man is interested in a thing to whom advantage may arise or prejudice happen from the circumstances which may attend it, and whom it imputeth that its condition as to safety or other quality should continue. Interest does not necessarily imply a right to the whole or part of the thing, nor necessarily or exclusively that which may be the subject or privation, but the having some relation to or concern in the subject of the insurance, which relation or concern by the happening of the perils insured against may be so affected as to produce a damage, detriment, or prejudice to the

party insuring; and where a man is so circumstanced with respect to matters exposed to certain risks and dangers as to have a moral certainty of advantage or benefit but for those risks and dangers, he may be said to be interested in the safety of the thing. To be interested in the preservation of a thing, is to be so circumstanced in respect to it as to have benefit from its existence, prejudice from its destruction. The property of the thing and the interest derivable from it may be very different to the first. The price is generally the measure by interest in a thing. Every benefit and advantage arising out of or depending on such thing may be considered as being comprehended.''

In that case insurance was effected by some government commissioners on certain Dutch vessels which the British government intended to capture on the high seas and put into the hands of the commissioners. The latter officials had nothing to do with the vessels until they were brought into port, but although the insurance was taken out before the vessels had been captured, it was held good on their contingent interest. In considering the same case in the House of Lords, Lord ELDON declared he was unable to define an insurable interest ''unless it be a right in the property or a right derivable out of some contract about the property, which, in either case, may be lost upon some contingency affecting the possession or enjoyment of the property.''

In Herkimer v. Rice, 27 N. Y. 163, there is an extensive and luminous discussion of this question and a decision that as the creditors of an insolvent estate may resort to its lands for satisfaction of their demands, they are so far interested in the buildings that insurance taken out by the administrator for their benefit is valid.

In Cone v. Ins. Co., 60 N. Y. 619, it was held that an owner whose property had been sold on execution but who had a right of redemption left, enjoyed an insurable interest. In that case it was said:

''The assured has an insurable interest, when he

has an interest in the subject insured, and the happening of the event insured against, might bring upon him pecuniary loss. Herkimer v. Rice (27 N. Y. 163) goes as far as, or farther, than this. It is not necessary that the event would, of a certainty, inflict loss; it is enough that it might do so. This is general language, but with limitation by the facts of this case it is sufficiently particular.''

The owner of an equity of redemption may take out insurance to cover his interest. Strong v. Ins. Co., 10 Pick. 41; Stephens v. Ins. Co., 43 Ill. 327.

In Morrison's Admr. v. Ins. Co., 18 Mo. 262, the Supreme Court of Missouri examined this subject and reached a conclusion in harmony with what is stated above, holding that an owner of insured property who had conveyed it, still had enough interest to keep the policy alive if the vendee of the property conveyed to a third person to secure payment of the purchase money.

In Williams v. Ins. Co., 107 Mass. 377, certain mortgagees of a mill assigned their mortgage and indorsed the mortgage notes to Williams, January 31, 1870. Thereafter on July 5, 1870, said original mortgagees took out a policy of insurance on the property, which, having burned, the assignee of the notes (Williams) brought suit on the policy. No question seems to have been raised about his right to maintain the action in his own name, but the defense was that the policy was void because the original mortgagees had parted with their interest before they took the insurance. It was held their interest was enough to make the insurance good because they were liable over to Williams as indorsers on the notes, although the notes had not matured and of course had not been dishonored.

In New England Insurance Co. v. Wetmore, 32 Ill. 221, the point was whether the indorser of a note secured by mortgage on insured property could sue on

the policy, and it was held that his contingent liability on his indorsement left him with an insurable interest.

"We do not understand that an assignee of an insurance policy can maintain a suit in his own name, unless it is so authorized by the act incorporating the insurance company, or by the general law. At common law, he could not maintain the action in his own name. Granger v. Howard Ins. Co., 5 Wend. 202. There are numerous authorities to this point, referred to by appellee's counsel. But had not the plaintiff an interest in the insurance at the time of the loss? The amount of interest or kind is not material, so that it was a subsisting interest. This the plaintiffs had at the time of the loss, as they had indorsed the notes when they assigned their interest in the mortgage, and were responsible on their indorsement, and interested that the insurance money should go to the satisfaction of the notes. To that extent their ultimate liability as assignors of the notes and mortgage was lessened. But on principle, it would seem the fact of the assured having no interest in the insurance at the time of the loss, can not affect the right of the plaintiffs to sue and recover for the benefit of their assignee."

The same point was decided the same way in Phoenix Ins. Co. v. Omaha Trust Co., 25 L. R. A. (Neb.) 679, a case identical with the one at bar.

Such is the general doctrine; for it is said by a commentator: "The mortgagee still has an insurable interest, although he assigns the mortgage and notes, for his ultimate liability." 2 Joyce, Insurance, sec. 1042.

We are cited to a case against the Hartford Insurance Company (32 Atl. 1057) as announcing a different rule, and having examined that authority find it supports the appellant's contention to some extent; but is unlike the present case in respect to the liability of the assignor of the note on his indorsement. We prefer to follow the other precedents we have mentioned; and

as they are in point we feel that they justify us in holding Key is the real party in interest in this litigation, within the terms of the code, and therefore entitled to maintain this action. No harm can come from the case being entitled in Key's name to the use of Heaton. If there was a dispute between Key and Heaton about the matter and the latter had notified the company of his equitable lien on the proceeds, forbidding the company to pay them to Key, a bill of interpleader would be appropriate. But no showing of that kind is made; so the company is in no position to challenge Key's right and is protected by the judgment in his favor. Cone v. Niagara Ins. Co., supra.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.