Margaret WRAUSMANN, Plaintiff-Respondent,

v.

KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant.

No. 33913.

Missouri Court of Appeals,
St. Louis District.

Feb. 22, 1972.

Klamen, Summers, Wattenberg & Compton, by Robert F. Summers, Clayton, for plaintiff-respondent.

Willson, Cunningham & McClellan, by J. H. Cunningham, Jr., St. Louis, for defendant-appellant.

CLEMENS, Commissioner.

This action on a fire insurance policy presents two briefed issues. First, does a straw party insurer have an insurable interest in insured property? Second, does an obligor on a promissory note, secured by a deed of trust on property, have an insurable interest in that property? We say yes and therefore need not consider the straw party issue.

Plaintiff Margaret Wrausmann had a $5,200 verdict and judgment against the defendant insurer and it appeals, contending for judgment on the ground plaintiff had no insurable interest in the damaged property.

This train of events led to plaintiff's judgment: (1) Early in 1964 Louis A. Mitleider bought a house and lot, taking title in the name of his secretary, plaintiff Margaret Wrausmann. (2) On February 13, 1964 Margaret Wrausmann, probably on behalf of Mr. Mitleider, borrowed $7,500 from the Jefferson Savings and Loan Association, giving a conventional deed of trust on the house and lot to secure her negotiable promissory note. By endorsement Mr. Mitleider guaranteed payment of the note. The lender knew Margaret Wrausmann was a straw party and considered Mr. Mitleider as primarily liable on the note. (3) On December 15, 1965 plaintiff executed and delivered a deed whereby she conveyed the property to Mr. Mitleider. (4) On October 10, 1966 while the note was still unpaid, the defendant insurer issued its one-year $10,000 fire insurance policy naming Margaret Wrausmann as the insured. (5) On January 25, 1967 fire caused $5,200 damage to the house.

For reasons following we reject defendant's contention that plaintiff had no insurable interest.

It is well settled that a valid contract of insurance must be based on "insurable interest." The question for decision is whether a person liable on a debtor's note, secured by a deed of trust upon property, has an insurable interest in that property. The issue does not appear to have been squarely decided in Missouri.

Missouri courts have defined "insurable interest," by adopting the language of 44 C.J.S. Insurance § 175: "In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination,

or injury by the happening of the event insured against." American Central Insurance Company v. Kirby, Mo.App., 294 S.W.2d 556[3]. See also Bernhardt v. Boeuf & Burger Mutual Insurance Company, Mo.App., 319 S.W.2d 672. Assume Miss Wrausmann's liability was contingent and that she would suffer a loss only if (1) Mr. Mitleider did not pay the note and (2) the insured property was damaged to the extent that its value became less than the amount of the note. The question then before us is whether her "concern in the subject matter" suffices to meet the insurable interest test. There is authority for the position that an endorser's contingent liability does constitute an insurable interest in the property secured by the debt. The case of Key v. Continental Insurance Company, 101 Mo.App. 344, 74 S.W. 162, l.c. 165, held that where a mortgagee had assigned a mortgage to a third person and signed the secured note as an endorser, he retained an insurable interest, saying that an insurable interest may be "having some relation to or concern in the subject of the insurance, which relation or concern by the happening of the perils insured against may be so affected as to produce a damage, detriment, or prejudice to the party insuring . . ." The court approved the language of Joyce's treatise on insurance that, "An insurable interest in property is a right . . . or any relation to or concern therein, of such a nature that it might be so affected by the contemplated peril as to directly damnify the insured." 2 Joyce, Insurance, §§ 887 and 888. The court also cited New England Fire & Marine Insurance Company v. Wetmore, 32 Ill. 221, which held the endorser of a note secured by a mortgage on insured property could sue on the policy, and that his contingent liability on the endorsement created an insurable interest.

It is clearly established by the Missouri cases that a mortgagee has an insurable interest in the secured property, (Farmers' and Laborers' Co-op. Ins. Ass'n. of Audrain County v. Bank of Centralia, 227 Mo.App. 1068, 56 S.W.2d 606 [1]), although it is by no means certain he will suffer pecuniary loss from the destruction of the building securing the note. His loss is, in a sense, also contingent upon the mortgagor's failure to pay his debt rather than being contingent only upon destruction of the property.

The Missouri cases cited above support the statement in 43 Am.Jur.2d, Insurance, § 466, based upon the case of Bird v. Central Manufacturers Mutual Insurance Company, 168 Or. 1, 120 P.2d 753: "Indeed, it is not necessary, to constitute an insurable interest, that the interest be such that the event insured against would *necessarily* subject the insured to loss; it is sufficient that it *might* do so, and that pecuniary injury would be the natural consequence . . . although a person has no title, legal or equitable, in the property, and neither possession nor right to possession, yet he has an insurable interest therein if it is primarily charged in either law or equity with a debt or obligation for which he is secondarily liable." (Our emphasis.)

Here, Miss Wrausmann was at least secondarily liable on the secured note. Her liability was contingent upon non-payment by Mr. Mitleider and fire damage to the secured property. That contingent liability was sufficient to give her an insurable interest in the property.

Judgment affirmed.

BRADY, C. J., DOWD, J., and VERNON W. MEYER, Special Judge, concur.