Claude O'DONNELL,
Plaintiff-Appellant,

v.

MFA INSURANCE COMPANY,
Defendant-Respondent.

No. WD 34545.

Missouri Court of Appeals,
Western District.

April 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 29, 1984.

James D. Worthington of Aull, Sherman, Worthington & Giorza, Lexington, for plaintiff-appellant.

N.R. Bradley of Bradley, Langdon & Bradley, Lexington, for defendant-respondent.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

This is a civil action seeking recovery of actual and punitive damages relative to a claim under an insurance policy. The trial court entered summary judgment. The judgment is reversed and the cause remanded.

While appellant presents three alleged errors, only two are taken up and ruled herein because of the disposition of this appeal. Appellant charges (1) the trial court erred in entering summary judgment on behalf of respondent because appellant had an insurable interest in the property destroyed, and (2) the trial court erred in denying appellant's motion for summary judgment because appellant did have an insurable interest. Since both charged errors address the same issue, although conversely, they are discussed and ruled as if presented as one alleged error.

In summary the facts are as follows. Appellant Claude O'Donnell and his wife Mildred (now deceased) were owners of residential property at 2115 Main, Lexington, Missouri. The O'Donnells originated a

policy of fire insurance on the premises. The policy premium was continually paid and the policy was in existence as of June 8, 1979. In June 1978, the O'Donnells entered into a contract with one Benjamin Hoeppner. Hoeppner is in the home construction business. This contract provided that Hoeppner was to build a new home for the O'Donnells. Consideration for the new home construction included payment of $21,000.00 in cash and a trade in or transfer of the then present residence of the O'Donnells. On September 15, 1978, the O'Donnells executed and delivered a warranty deed conveying the property at 2115 Main to Hoeppner. Hoeppner and the O'Donnells agreed that the O'Donnells would occupy 2115 Main, paying Hoeppner $56.02 per month as rent, until the new home was finished. It was also understood the O'Donnells would continue to pay the premium for insurance coverage on the premises. There is no record of any assignment of the policy to Hoeppner. On June 8, 1979, while the O'Donnells still occupied 2115 Main, a fire occurred. Subsequently, the O'Donnells executed a release of all claims and rights under the policy for $3,000.00 which was paid by respondent M.F.A.[1] This action followed efforts by the O'Donnells to assert a claim. Mildred O'Donnell died September 15, 1981. M.F.A. filed a motion for summary judgment which was sustained by the trial court.

The basic issue between the parties was drawn by O'Donnells assertion that he had an insurable interest in the property at the time of the loss, and the denial of such claim by M.F.A.[2]

In support of its motion for summary judgment, M.F.A. asserted the O'Donnells had no insurable interest, because the O'Donnells had transferred the property to Hoeppner without notice to M.F.A. The argument of M.F.A. is based upon a provi-

---

1. The policy provided for $3,000.00 coverage for contents and $7,000.00 for the structure.

2. The record reveals that Benjamin Hoeppner and his wife Alice had originally been parties

plaintiff. The trial court dismissed the Hoeppners from the litigation. Neither of these two persons are parties to this appeal.

sion of the policy which reads, "Assignment of this policy shall not be valid except with the written consent of this company." In support of its motion for summary judgment, M.F.A. relied principally upon the executed deed and the "non-assignment" clause of the policy. The trial court in sustaining the motion of M.F.A. ruled that O'Donnell had no insurable interest in the property, that there existed no genuine issue of fact, and therefore, as a matter of law M.F.A. was entitled to summary judgment. The trial court made no finding relative to the validity of the executed release. It is presumed by the court that the trial court did not address the question of the release because of its finding that there was no insurable interest in the O'Donnells. This appeal followed.

Before this court, O'Donnell argues that he had an insurable interest at the time of the loss, and that the transactions between the O'Donnells and Hoeppner did not increase the risk to M.F.A. The claim by O'Donnell of an insurable interest can be summarized as follows: the O'Donnells had a direct pecuniary interest in the preservation of the property because the property was part of the consideration (*i.e.* by its transfer to Hoeppner) for the construction of a new home for the O'Donnells. O'Donnell in addition strongly argues that by the O'Donnells occupancy of the former residence M.F.A. incurred no additional risk but in fact its risk was reduced. In contrast, M.F.A. argues the execution and delivery of the warranty deed eliminated any insurable interest in the O'Donnells.

The policy in question herein provides that M.F.A. "shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured." The policy contains no provision which requires the insured to notify the insurer of a change of ownership. There is a provision which requires a mortgagee or trustee to give notice of a change of ownership. The policy also contains no provision requiring the insured to have legal title. The net effect of the existing provision and the absence of other provisions results in the named insured

having an "insurable interest" for which the insurer will be liable, provided no other existing provision of the policy is violated.

In support of its position M.F.A. cites to this court, *Sander v. Hartford Fire Ins. Co.*, 637 S.W.2d 793 (Mo.App.1982), an authority for its proposition that O'Donnell's insurable interest ended when he and his wife transferred ownership of the property without notice to M.F.A. The court in *Sander* cited as authority *Pulaski Savings & Loan Association v. United States Fidelity & Guaranty Co.*, 539 S.W.2d 602 (Mo.App.1976). Neither *Sander* nor *Pulaski, supra*, control herein, because in both cases the dispute arose relative to the applicability, and hence liability, arising from a standard mortgage clause within the particular policy involved in each case. The instant case does not involve the mortgage clause. In *Sander* and *Pulaski* the terms of the policies required the insured mortgagee to give notice to the insurer of a change in ownership and a failure to notify nullified the insurance coverage.

In support of his position O'Donnell cites, and correctly so, to this court *Prewitt v. Continental Insurance Co.*, 538 S.W.2d 902, 905 (Mo.App.1976), which states the general rule that where and when an individual has a direct pecuniary interest in the preservation of the subject property, there exists for that person an insurable interest.

In addition to the rule stated in *Prewitt, supra*, "[i]t is well settled that a valid contract of insurance must be based on 'insurable interest.'" *Wrausmann v. Kansas City Fire & Marine Insurance Co.*, 477 S.W.2d 741, 742 (Mo.App.1972). *Wrausmann* at page 742, further declares, "Missouri courts have defined 'insurable interest', by adopting the language of 44 C.J.S. Section 175: 'In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the

happening of the event insured against.' " *See also Meyer v. M.F.A. Mutual Insurance Co.,* 543 S.W.2d 822 (Mo.App.1976). "Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance...." 44 C.J.S. *Insurance* § 175. "[A]n insurable interest in property may arise from some liability which insured incurs with relation thereto, although he is not in possession of the property, and has no interest therein beyond the danger of pecuniary damage from the loss of the property by reason of such assumed liability. Such liability may arise ... by contract." 44 C.J.S. *Insurance* § 180. For the most recent ruling on the issue of insurable interest, see *DeWitt v. American Family Mutual Insurance Co.,* 667 S.W.2d 700 (Mo.1984).

▆▆▆ In reviewing a trial court's entry of summary judgment, this court reviews the record in a light most favorable to the party against whom the summary judgment was entered. *E.O. Dorsch Electric Co. v. Plaza Construction Co.,* 413 S.W.2d 167 (Mo.1967). Summary judgment is authorized "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c). In the instant case the trial court had for review the pleadings, admissions, answers to interrogatories, affidavits, and the deposition of O'Donnell. From a review of these sources along with the application of the rules declared in C.J.S., *Prewitt, Wrausmann* and *Meyer, supra,* this court finds and rules that appellant O'Donnell had an insurable interest in the property at 2115 Main at the time of the loss in question. It is found that O'Donnell's insurable interest arises because there existed a contractual liability to "trade in" the house to Hoeppner as part of the consideration for the construction of a new residence. It is the further finding of this court that O'Donnell did not violate any provision of the policy prohibiting the insured (O'Donnell) from changing or increasing the risk to M.F.A. The record reveals the O'Donnells continually occupied

the residence for at least 12 years prior to the loss. The transfer of the title to Hoeppner by warranty deed did not increase the risk to the insurer (MFA) in any manner.

It is the finding and decision of this court that O'Donnell, as a matter of law, had an insurable interest in the subject property as of the date of the loss. The trial court erred in its entry of summary judgment to the favor of M.F.A. upon the issue of an insurable interest, and further, the trial court erred in not entering summary judgment to the favor of O'Donnell upon the same issue of an insurable interest.

As noted above, the trial court in its judgment did not address the issue of the executed release. There remain genuine issues of fact relative to the release, requiring the determination of these fact issues by trial. Therefore the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.