CLARA MAHAN et al., Respondents, v. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

Kansas City Court of Appeals, November 8, 1920.

1. **INSURANCE: Contract of Sale: Loss: Interest In the Property.** An owner of a dwelling house insured it against fire. Afterwards, with knowledge of the Insurance Company she sold it to Jones by a written contract of sale, it not being shown that the consideration had not been paid to her. Before a deed was made the house was destroyed by fire and it was *held* that her interest in the property having ceased by the sale, there was nothing for the policy to operate upon and she could not recover.

2. **CONTRACT OF SALE: Title: in Equity: Loss: Vendor and Vendee.** A sale of property by contract, a deed to be made in the future, transfers an equitable title to the property and if the vendor complies with the contract, a loss by destruction of the property will be the loss of the vendee, just as an appreciation would be his gain.

Appeal from the Circuit Court of Johnson County.— *Hon. Ewing Cockrell*, Judge.

REVERSED.

*Nick M. Bradley* for respondents.

*Fyke, Snider & Hume* for appellant.

ELLISON, P. J.—Plaintiff's action is based on a policy of fire insurance. The judgment was for her in the trial court.

The policy covered a dwelling house in the sum of $500 and household furniture in the dwelling in the same sum. It was issued to J. H. Mahan and transferred by him, with the Insurance Company's consent, to his wife the present plaintiff. At the time of the assignment to plaintiff she was the owner of the property insured; but on the 2nd of October, 1918, she sold the land and dwelling to Ernest L. Jones, by a written contract. Defendant's agent was advised of this sale and consented to it.

We judge from the record that a deed was to be executed at a future time. But the record does not show when or on what conditions; nor does it show whether possession was given to Jones. It appears that the property was totally destroyed by fire in December following her sale to Jones.

Defendant claims that as plaintiff sold the property, all right to insurance passed from her and a policy with loss payable to her became necessarily inoperative, for the reason that if she did not own it she could not suffer a loss and therefore it was of no consequence that defendant's agent knew of the sale and made no objection.

It is the rule in this State that after "a contract for the conveyance of real estate has been entered into, by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser. If it burns up it is his loss, if it increases in value it is his gain." [Snyder v. Murdock, 51 Mo. 175.] This is the view later announced by the Supreme Court as shown in Ranck v. Wickwire, 255 Mo. 42, 61.

How does this rule of law affect the present question? We agree that if the property became that of Jones' from the date of the sale by the written contract, its destruction was the loss of Jones and not this plaintiff. If one sells his property so that the title passes

205 App.—38

to his vendee, though it be a title in equity without deed, its destruction, total or partial, is the loss of the vendee.

But if the vendor has yet an interest in the property after sale, as, for instance, by vendor's lien for all or a part of the purchase money, he, of course, has an insurable interest in the nature of a similar right in a mortgagee.

In the present case it is not stated or shown that plaintiff retained any interest in the property existing at the time it was burned. The contract of sale is not set out. Each party has been too sparing of facts in the abstract and brief. But taking the case as we find it set forth, it would seem to be certain that plaintiff should not receive pay for the property from Jones and at the same time collect the insurance money for its loss. [Manning v. Ins. Co., 123 Mo. App. 456; Skinner v. Houghton, 92 Maryland, 68, 86, 87; Lombard v. Chicago Congregation, 64 Ill. 477; Cottingham v. Ins., Co., 90 Ky. 439, 442.]

The fact that defendant's agent had knowledge of the sale by plaintiff and made no objection ought not to be considered a waiver because there was nothing to waive. If plaintiff parted with all right or interest in the property any insurance thereon, in her favor would cease. It would be no less than to allow her to insure the property of Jones which she could not do.

The judgment is reversed. All concur.