Glenn A. ARZBERGER et al.,
Respondents,

v.

Eugene GRANT et al., Appellants.

No. KCD26080.

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

Motion for Rehearing and/or Transfer
Denied Sept. 4, 1973.

Application to Transfer Denied
Nov. 12, 1973.

24

C. John Forge, Jr., Independence, for appellants.

Richard A. Erickson, Kansas City, for respondents; Erickson, Ewing, Smalley,

Elliott, Boyle & Records, Kansas City, of counsel.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

In this unlawful detainer action, defendants complain that the trial court erred for several reasons in rendering a summary judgment against them.

The action began in magistrate court April 6, 1971, upon the filing of the usual printed form "Complaint of Unlawful Detainer", asking for possession of a plot of ground at 13415 East 39th Street, in Independence, Missouri. Damages were then prayed for in the amount of $500.00, and a judgment of possession was asked. Judgment was rendered against defendants and an appeal was taken by them to the circuit court. On June 3, 1971, defendants moved the circuit court for a jury trial. In that court on June 4, 1971, plaintiffs filed their motion for summary judgment, alleging, as paraphrased, these facts: Plaintiffs are the owners in fee simple of the property, as joint tenants, having derived title through their mother, who died March 6, 1971, by warranty deed creating a joint tenancy on February 18, 1967, which was recorded. On February 13, 1971, plaintiffs' mother conveyed her undivided one-third interest in the property to her sons, the plaintiffs, which was also recorded, and "that no other intervening conveyance or document appears of record in the office of recorder of deeds affecting the title to the premises from and after the date of the first deed above described to the death of Grace Arzberger as shown by her death certificate." Defendants were, prior to February 8, 1971, occupying the premises as tenants, and on that date plaintiffs caused a notice to be served upon them to vacate the premises by April 1, 1971, a copy of the notice being attached to the motion. Defendants have failed and refused to vacate the premises in accordance with the notice, and that rental value thereof is $175.00 per month. Judgment was prayed for twice the rent, or $350.00, per month from April 1, 1971, and for costs.

The motion for summary judgment is first supported by the affidavit of plaintiffs' counsel, deponing that "he has read, studied and analyzed the facts stated" in the motion "and they are true" and that all copies of (deeds, and notice) attached to the motion are true copies of the originals they represent. Upon examination of the records counsel had found no documents affecting the title to the real estate except those attached as copies to the motion between February 18, 1967 and March 6, 1971, the date of death of Grace Arzberger. Counsel then set forth that he was personally acquainted with rental values in and about Independence and was qualified to give his opinion as to the rental value of the property, which was $175.00 per month.

Glenn A. Arzberger then filed his affidavit on June 8, 1971, supporting the facts stated in the motion for summary judgment. On June 19, 1971, defendants' counsel filed his affidavit, stating that he had read, studied and analyzed the facts stated in the motion for summary judgment and the affidavits, and "that said affidavits failed to state all of the facts known to the affiants and are designed to misinform the court and mislead the court as to the full facts in the case." [Nothing is set forth as to facts omitted, or what were designed to misinform or mislead the court, and no facts stated in the motion and in the accompanying affidavits are controverted.] The affidavit then goes on to state that on October 12, 1970, while plaintiffs' mother, Grace Arzberger, was alive and in good health, she made a written "perpetual care agreement" with defendants, which was signed in affiants' presence after being prepared at her request and direction, such action being known to plaintiffs and prior to the warranty deed dated February 13, 1971. Attached to the affidavit is a copy of the "perpetual care agreement." It re-

cites that Grace Arzberger is the sole owner of real estate located at 13415 East 39th Street, Independence, Missouri, wherein defendants were residing. That Mrs. Arzberger was 89 years of age, and defendants had for the past 13 years been in charge of her care and maintenance, she having theretofore "made separate arrangements for the disposition of her estate to her children." It is then recited that Mrs. Arzberger was desirous of guaranteeing her future care and maintenance, and it was agreed that defendants furnish same to her, and "2. Party of the first part agrees in return for this care as provided in paragraph one above and for the services rendered for the last thriteen years to convey the property located at 13415 E. 39th Street, Independence, Missouri, to parties of the second part."

The matter thus stood upon the motion and all the affidavits in the case until January 24, 1972, when the trial court wrote counsel for both parties this letter in regard to this case: "In considering plaintiff's motion for summary judgment, I do not find that any of the affidavits reveal the nature of the tenancy in question, or whether there was a written lease. I have assumed that this was inadvertent, and that someone knows something about the nature of the tenancy, therefore, if either side, or both sides, present me with supplemental affidavits within five days, I will give them leave to file them." Glenn A. Arzberger responded on January 28, 1972, with an affidavit that the lease was verbal for an indefinite period without any written contract or memorandum evidencing the agreement, and further that any claims of defendants were not called to plaintiffs' attention either before they commenced their action, or prior to the death of Grace Arzberger. The summary judgment for possession and $3500.00 as damages was then granted to plaintiffs on February 8, 1972, and defendants filed their notice of appeal to this court the next day.

On February 23, 1972, plaintiffs filed their motion in the trial court to amend the petition "after judgment" to strike out [printed] matters relating to forcible entry (leaving merely unlawful detainer) and to amend the prayer for damages from $500.-00 to $3,500.00. This motion was granted March 14, 1972. Defendants' motions to quash execution were overruled. On March 20, 1972, defendants moved for oral argument and for rehearing of the matter of amendment of the pleadings, upon the grounds that the order allowing same substantially changed the nature of the lawsuit, that the court lost jurisdiction of the case upon filing of the notice of appeal, more than 15 days had expired between the time of judgment and the motion to amend the petition, and that the court had lost jurisdiction after 30 days. These motions were overruled March 22, 1972.

Defendants first say that the entry of the summary judgment was improper because there was an issue of fact to be decided. As argued, this position can only be derived from whatever might be the legal effect of Mrs. Arzberger's agreement with defendants to convey the property to them, and the argument must fail for at least two reasons. In this unlawful detainer action brought under Chapter 534, RSMo 1969, V.A.M.S., and specifically by § 534.210, the merits of title cannot be inquired into. The reason is stated in McNeill v. McNeill, 456 S.W.2d 800, 805[7] (Mo.App.1970) to be that under the statute unlawful detainer can only be a *possessory* action, and "equitable rights and defenses may not be interposed therein." See also Noonan v. Mason, 285 S.W. 118, 119 (Mo. App.1926), and Drzewiecki v. Stock-Daniel Hardware Co., 293 S.W. 441, 444 [4–6] (Mo.App.1927). Under the last cited case (and § 534.200), plaintiffs made a prima facie case, entitling them to judgment, by exhibiting their deeds and a showing that after the 30 day notice was given defendants refused to vacate the premises, all here supported by affidavits. Secondly, even if defendants could attack plaintiffs' claimed superior right of possession by showing that there was no title upon which

to base it, yet under the uncontroverted facts defendants' "perpetual care agreement", in the face of the recorded joint tenancy deed between plaintiffs and their mother, could amount to no more than a bare possibility that she would eventually become seized of the entire fee simple by surviving both her sons. Under the solidified facts here at the time action was begun, Mrs. Arzberger had died, and her interest as a joint tenant had passed to plaintiffs, and as a matter of law the existence of the "perpetual care agreement" would constitute no defense to this unlawful detainer action. Cf. Hunter v. Hunter, 320 S.W.2d 529, 534 (Mo.1959), and Powers v. Buckowitz, 347 S.W.2d 174 (Mo. banc 1961). Plainly, defendants have not controverted any essential fact shown by plaintiffs' affidavits, and have interposed none of their own as would make a genuine issue of fact to be decided as relating to the right of plaintiffs to possession, unlawful detainer, and the resultant damages.

■ Defendants say that the complaint in unlawful detainer failed to state a cause on which summary judgment could be rendered. The argument is made that the amendment, striking out the matter of forcible entry (under § 534.020), showed that plaintiffs had not elected as between that action and unlawful detainer (under § 534.030), and that defendants should not be required to select their defense before plaintiffs selected their cause of action. There was not one word in the motion for summary judgment or in the affidavits relating to forcible entry, and that matter in the complaint may be disregarded as surplusage.

■ It is next claimed that Chapter 534 is a separate code and summary judgment under Rule 74.04, V.A.M.R., is not available to a petitioner thereunder. In Butler v. Manley, 416 S.W.2d 680 (Mo.App.1967), it was held that the summary judgment proceedings under Rule 74.04 applied on appeal to the circuit court from the magistrate court in an unlawful detainer ac-

tion. Thus, defendants' point need not be further noticed.

■ The judgment in the magistrate court was: "Case heard on stipulation of council. Issues found for the plaintiff." Defendants say this entry is contrary to the form requirements of §§ 534.310 and 534.330, was void and the "circuit court must reverse that judgment." Defendants made no complaint either in the circuit court or in the magistrate court as to the form of judgment. The matter was, as is required, presented anew in circuit court. No suggestion was made as to insufficiency of the prior judgment, or that the case be remanded for entry of a proper judgment. The point is without merit and is overruled.

■ Defendants, in circuit court, requested a trial by jury before the motion for summary judgment was filed. They now say that the request should have been honored and the court should not have inquired into the matters alleged in the motion. That inquiry, of course, under Rule 74.04, is concerned with whether or not, considering the pleadings, motions and affidavits, and other papers in the case, there is a genuine and uncontroverted issue of fact, to be submitted either to the court or to a jury for determination. The matter of right to jury trial under the uncontroverted facts is not in this case.

■ The matters contended to be error in entering judgment is in excess of the prayer and pleadings, and in permitting amendment of the complaint "after appeal" may be considered together. As noted, the court entered judgment for $3,500.00 damages (and for possession of the premises) on February 8, 1972. The affidavit proof supported that judgment, and in such case the pleading will be *treated* as having been amended to conform to the proof at the time of the entry of the judgment. It was really unnecessary to grant permission to amend the pleadings later on as was done. Barber v. Allright Kansas City, Inc., 472 S.W.2d 42, 44 (Mo.App.1971); Rule 55.54.

Defendants say that no hearing on the motion for summary judgment was provided. The record shows that after the affidavits were submitted, the matter was in the lap of the court from April, 1971 to January, 1972. In the latter month, the court inquired of the parties as to the nature of the tenancy, and a further affidavit was submitted. Defendants could not but have known that the court was considering the case as submitted, yet they requested at no time a hearing on the matter. They may not now complain that a hearing (assuming that it would have added something, although defendants do not suggest what a hearing would have added) was not accorded them.

All contentions have been considered, and they are without merit.

The judgment is affirmed.

All concur.