R. W. KALLENBACH, Respondent,

v.

Victor "Tex" VARNER, Appellant.

No. KCD 26318.

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1973.

Application to Transfer Denied Jan. 14, 1974.

Kay & Quigley, Eldon, for appellant.

James A. Grantham, Tuscumbia, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM.

This is an appeal from a judgment entered in the Circuit Court of Miller County on April 19, 1972, awarding the plaintiff damages in the sum of $550 on his action for breach of contract. The plaintiff's petition alleged the removal of one thousand bales of fescue hay from his property by the defendant, the promise of the defendant to pay the agreed price of 55 cents per bale, and the defendant's failure and refusal to pay the price upon demand. The cause was tried to a jury which returned a verdict for the plaintiff, assessing his damages at the full purchase price alleged.

The sales transaction in the case was initiated by the plaintiff, a part time farmer. He contacted the defendant by telephone and offered to sell him a substantial portion of the hay crop he expected to harvest in a few days. The defendant indicated that he was interested in buying about one thousand bales, and when the plaintiff told him he would let him have the hay for 55 cents per bale, the defendant agreed to the deal. When the hay was cut and baled, the defendant made arrangements to have it removed, and he paid the haulers 22 cents per bale for delivery from the field to his barn.

The defendant maintained about sixty head of livestock as the proprietor of a rodeo and recreational camp. The hay was purchased for the purpose of feeding his horses and mules. The principal factual dispute between the parties concerns the character of the product sold by the plaintiff. The defendant testified that after virtually all the hay had been delivered he discovered it was not hay at all; rather, he claimed it was straw and was not suitable for feeding livestock. The defense called four witnesses who had experience in the purchase and sale of hay to testify that they had inspected some baled material in the defendant's barn. Their testimony indicated that it was not green when it was cut; it was straw and had no value as livestock feed. The defendant testified that the material they inspected was "the so-called hay" that plaintiff had sold him. On the other hand, the plaintiff testified that the hay was cut while it was green and was cured properly, and it was good quality hay for feeding purposes. He admitted that the seeds had been removed before the hay was cut, but he asserted that this was a common practice and had no adverse effect on its nutritional value. The plaintiff was the holder of a Bachelor of Science degree in Agriculture and Education with some thirty hours of post graduate study in that field and had more than thirty-one years of service as Agriculture Agent in Cole, Cooper and Gasconade Counties.

On appeal, the defendant contends the trial court erred in refusing to allow him to amend his answer to include the defense of breach of implied warranty under the Uniform Commercial Code and in imposing a "prior restraint" upon any evidence supporting that defense. While he recognizes the allowance of such an amendment is generally a matter within the discretion of the trial court, the defendant maintains that the rejection of the amendment here

was not an exercise of discretion but rather an error of law in that the trial judge based his decision on an allegedly erroneous conclusion that the Uniform Commercial Code did not apply to this particular sales transaction.

■ The record belies defendant's assertion that the decision of the court refusing the amendment of his answer was grounded on the inapplicability of the Uniform Commercial Code.[1] The defendant's answer to the plaintiffs petition was in the form of a general denial. It was not until the case had proceeded to trial and the plaintiff had rested his case that the defendant sought to amend his answer to include warranty as a defense. By clear and unambiguous language the trial judge ruled that no amendment would be permitted at that late stage in the proceedings. While the court did subsequently reveal some doubts about the applicability of the doctrine of warranty on the particular facts of the case, the plain holding of the court denied the amendment because it came too late.

■ When it is necessary to seek leave of court to amend a pleading, permission to amend is wholly discretionary with the trial judge and is not to be questioned on appeal unless there is a clear abuse of discretion. Meinecke v. Stallsworth, 483 S.W.2d 633 (Mo.App.1972) [4]. Kessler v. Reed, 481 S.W.2d 559 (Mo.App.1972) [2]. Although a court should be liberal in permitting amendments to pleadings under S. Ct. Rule 55.53, V.A.M.R., it is not bound to do so. Boling v. State Farm Mutual Automobile Ins. Co., 466 S.W.2d 696 (Mo.1971) [6]. In the *Boling* case the Supreme Court upheld the decision of a trial judge refusing to permit the defendant to amend his answer raising a new defense one month prior to trial where the facts on

which the new defense was based were or should have been known to the defendant at least six months before trial. The same considerations apply to the instant case. It may not be said the trial judge abused his discretion by refusing to allow the amendment to the defendant's answer raising a new defense midway through the trial.

■ The defendant further contends in the argument portion of his brief that breach of warranty need not be pleaded to admit proof thereof since it is not an affirmative defense. This argument is beyond the scope of the Points Relied Upon. Moreover, it is completely unfounded. When breach or partial breach of warranty is available, it may be used either as a counterclaim or pleaded as a defense in recoupment. M.F.A. Cooperative Ass'n of Ash Grove v. Elliott, 479 S.W.2d 129 (Mo.App.1972) [5]. Recoupment is an affirmative defense which the defendant must plead and prove. S.Ct. Rule 55.10 V.A.M.R.; A. C. Burger v. Wood, 446 S. W.2d 436 (Mo.App.1969) [1]; Blickhan v. Trans World Airlines, 305 S.W.2d 743 (Mo.App.1957) [5, 6].

In any event, if defendant were correct about his evidence being admissable under the general denial, his Points Relied Upon contain no complaint of any specific rejection of evidence, but limits the complaint to an alleged "prior restraint" on evidence. Actually, the court did not rule on admissability of any evidence in advance, instead stating that before ruling on any given evidence "the Court would have to hear any offer." Still further, the trial court did in fact permit considerable evidence as to the condition and quality of the bales delivered and gave an instruction that the verdict had to be for the defendant if the jury found that bales contained "not fescue hay but straw." Thus it appears that defendant did get his basic defense before the jury and the jury did pass upon it.

1. In his brief, defendant attempts to expand the inquiry to encompass the question of whether the situation here would support application of the common law doctrine of implied warranty of fitness for a particular purpose. The amendment was not sought on that theory, no such point is contained in the motion for new trial and no such point is contained in the Points Relied Upon. This new argument therefore cannot be considered.

The defendant's second point is that the trial court erred in refusing to grant a new trial based on alleged prejudicial remarks made by the plaintiff's attorney in his closing argument to the jury. He contends that counsel knowingly misled the jury by stating that the hay remained in defendant's barn when in fact it had been sold at public auction. However, no objection was made to the argument at trial. Objections to matters in the closing argument when not properly raised and preserved at trial will be considered on motion for new trial or appeal only when the court deems that manifest injustice or a miscarriage of justice has resulted. S. Ct. Rule 79.04, V.A.M.R.; Vaeth v. Gegg, 486 S.W.2d 625 (Mo.1972) [17]; Sandy Ford Ranch, Inc. v. Dill, 449 S.W.2d 1 (Mo.1970) [10, 11]. A review of the record as a whole does not show the alleged misstatement in the plaintiff's closing argument to be so prejudicial as to be cognizable under the plain error rule.

The judgment is affirmed.

All concur.