STATE ex rel. John L. THOMAS, Plaintiff-Appellant,

v.

Victor WOLFSBERGER et al., Defendants-Respondents.

No. 35992.

Missouri Court of Appeals, St. Louis District, Division Three.

Feb. 11, 1975.

Robert R. Sandcork and Roger M. Hibbits, Florissant, for plaintiff-appellant.

James E. Godfrey, Inc., James E. Godfrey, Denis C. Burns, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

Relator John L. Thomas appeals from an order of the Circuit Court of St. Louis County denying his motion to set aside or amend his petition. We affirm.

Relator's petition filed August 23, 1973, sought a writ of mandamus to compel respondents to call an election pursuant to § 321.490 and § 321.500, RSMo 1969, V.A.M.S. On the same day the court issued its alternative writ. Subsequently, the court listened to oral arguments and considered suggestions filed by both parties and thereafter sustained respondent's motion to quash the alternative writ.

Relator filed a motion to set aside the order sustaining the motion to quash the alternative writ. In his motion he prayed for the time for leave to file an amended petition, pursuant to Rule 67.06, formerly Rule 67.05, V.A.M.R., and, additionally, claimed that the court's action in quashing the alternative writ was a dismissal of his petition with prejudice.

While it is true that relator alleged that the court erred in overruling his motion to set aside its prior order sustaining respondent's motion to quash the alternative writ of mandamus, yet no reference is made in his brief as to the contents either of relator's petition for the writ of mandamus or of respondent's motion to quash. Nor has relator made any point or issue as to the sufficiency of the petition to state a cause of action. Therefore, we hold that the question of whether or not the court erred in granting respondent's motion to quash is not before the court and that our review is confined solely to the question of whether or not the court erred in refusing to grant relator leave to amend his petition, Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 908 (1948).

In Kallenbach v. Varner, 502 S.W.2d 446 (Mo.App.1973), we held that a trial court's refusal to grant leave to amend a pleading was within the sound discretion of the court. We said, "When it is necessary to seek leave of court to amend a pleading, permission to amend is wholly discretionary with the trial judge and is not to be questioned on appeal unless there is a clear abuse of discretion. . . . Although a court should be liberal in permitting amendments to pleadings under S.Ct. Rule 55.53, V.A.M.R., it is not bound to do so. . . ." Consequently, if relator is to prevail in his alleged claim of error, he must demonstrate to us an abuse of discretion on the part of the court. From the facts in evidence as presented, we find no clear abuse of discretion. First, because nowhere in his suggestions filed in opposition to respondent's motion to quash the alternative writ does he request leave to amend the pleadings. Secondly, the request to amend followed the court's ruling sustaining respondent's motion to quash. Yet, even at that time, relator's request to amend contains no statement as to what the amendment would consist of, or any reasons as to why the amendment should be permitted. In fact, not even on appeal has relator given us benefit of the contents of the proposed amendment. Therefore, we find that the trial court neither abused its discretion nor was the judgment entered clearly erroneous.

We have no quarrel with the proposition set forth in State v. Tinsley, 241 Mo.App. 690, 236 S.W.2d 24 (1951) that a motion to quash serves the function of a motion to dismiss for failure to state a claim upon which relief could be granted, and that the facts stated in relator's petition must be accepted as true. On the other hand, we do reject relator's conclusion that the only matter before the court on the motion to quash the alternative writ was the sufficiency of the petition to state a cause of action.

Furthermore, we have examined both Kalberloh v. Stewart, 378 S.W.2d 820 (Mo.App.1964) and Thompson v. Fiber-Lum, Inc., 464 S.W.2d 514 (Mo.App.1971). Neither case compels a contrary conclusion from that which we have reached.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.