**Donna L. PREWITT, Individually and as Administratrix of the Estate of William C. Prewitt, IV, Appellant,**

v.

**The CONTINENTAL INSURANCE COMPANY, Respondent.**

No. 37204.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 22, 1976.

McIlroy & Millan, John M. McIlroy, Jr., Bowling Green, for appellant.

Paul E. Williams, Bowling Green, for respondent.

GUNN, Judge.

Plaintiff-appellant, individually and as administratrix of the estate of her deceased husband, filed suit against defendant-respondent to recover on an insurance claim for hail storm damages to farm buildings. After hearing the evidence without a jury, the trial court issued its order denying plaintiff's petition for damages. The issue on appeal is whether on the date of loss and damage to the farm property the plaintiff had a sufficient insurable interest in the property to support a recovery under a contract of insurance with defendant. We find that such an insurable interest existed and reverse and remand.

On March 18, 1974, plaintiff, her husband (subsequently deceased), and her husband's mother entered into a contract to sell their Pike County farm to Marion and Frank. Mackey for $275,000. Under the sales contract the Mackeys were to make a $100,000 down payment by April 1, 1974, with the balance of $175,000 due after June 20, 1974. The closing date for the sale was designated as on or before September 1, 1974, and the plaintiff was to retain possession of the residence and farm buildings until the date of closing, remaining liable for all damages to such buildings until closing. On April 1, 1974, a warranty deed to the entire property was delivered by the sellers (plaintiff, her husband and her husband's mother) to the Mackeys as buyers, and it was recorded on June 6, 1974. On June 14, 1974, a hail storm caused damage to some of the buildings on the farm, including the residence. The plaintiff continued to live in the farm residence until sometime in July, 1974 and kept some of her possessions in the farm outbuildings until the September, 1974 closing. On or about the September closing

date, the plaintiff relinquished total possession of the farm properties to the purchasers and was paid the $175,000 balance of the purchase price, less $2,467.10 estimated to be the cost of the hail storm damage repairs, which under the sales contract the plaintiff was obligated to pay. In accordance with the sales contract the plaintiff reaffirmed her obligation to the Mackeys to pay for the storm damages to the property and agreed to pay for any repair costs exceeding those estimated and deducted at closing.

Plaintiff filed a timely claim for her storm damage in the amount of $2,467.10, the estimated cost of repairs, with the defendant, who was the insurer of plaintiff's farm under a farmowners insurance policy paid for by the plaintiff and her husband. The defendant denied the claim alleging that since the plaintiff and her husband had deeded the property to the purchasers prior to the hail storm, the plaintiff had no insurable interest. The defendant on refusing the claim offered to refund a portion of the insurance premium which the plaintiff and her husband had paid.

Plaintiff thereupon filed suit against defendant for $2,467.10. At trial, plaintiff presented evidence that the total cost of repairs to the farm buildings by reason of the hail storm damage was $4,919.14 and sought to amend her pleadings to conform to the evidence by increasing the prayer for damages from $2,467.10 to $4,919.14. The trial court denied the amendment and dismissed plaintiff's petition.

The farmowners insurance policy issued by defendant on the farm buildings and residence occupied by plaintiff and in effect at the time of the hail storm specifically covered hail storm damage. The issue, then, is whether plaintiff had an insurable interest in the damaged property to entitle her to recovery under the policy. We find that the plaintiff did have the requisite insurable interest, but first, we indite a few basic legal aphorisms relevant to this issue. A prerequisite to the enforcement of any insurance contract is that the insured have an insurable interest in the

property. *Moore v. State Farm Mutual Automobile Insurance Co.,* 381 S.W.2d 161 (Mo.App.1964); *Galati v. New Amsterdam Casualty Co.,* 381 S.W.2d 5 (Mo.App.1964); *American Central Ins. Co. v. Kirby,* 294 S.W.2d 556 (Mo.App.1956). Where the subject matter of the insurance is property, the insurable interest must exist at the inception of the risk as well as at the time of the loss. *Estes v. Great American Ins. Co. of New York,* 112 S.W.2d 153 (Mo.App.1938). The absence of an insurable interest at either point in time converts the contract into a wager and is void as against public policy. *Moore v. State Farm Mutual Automobile Insurance Co.,* supra; *Galati v. New Amsterdam Casualty Co.,* supra; *American Central Ins. Co. v. Kirby,* supra.

█ In *Sander v. Mid-Continent Insurance Co.,* 514 S.W.2d 634, 637 (Mo.App. 1974), and *Wrausmann v. Kansas City Fire and Marine Insurance Co.,* 477 S.W.2d 741, 742 (Mo.App.1972), "insurable interest," as taken from 44 C.J.S. Insurance § 175, was characterized as follows:

"In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against."

Thus, where an individual has a direct pecuniary interest in the preservation of the property, an insurable interest in the property exists for that individual.

█ The defendant apparently based its defense on the fact that the plaintiff, her husband, and husband's mother executed a deed to the property prior to the hail storm. However, plaintiff retained possession and occupied the residence and farm outbuild-ings from the date of the deed, April 1, 1974, until the closing date in September, 1974, long after the June hail storm. Although the plaintiff may not have had legal title to the damaged property after the execution and delivery of the warranty deed to the purchasers, she certainly had a direct pecuniary interest in the property. Under the terms of the sales contract, plaintiff was obligated to pay for any damages to the property by "fire, tornado or otherwise," which would include hail storm damage, until the September closing date. Since the storm damage occurred prior to the closing date while plaintiff was in possession of the buildings and under an obligation to pay the purchaser for casualty losses, plaintiff had an insurable interest in the property.

█ The conveyance of the warranty deed prior to the loss is not dispositive in this case. The plaintiff's contractual obligation for indemnifying the purchaser for damages was not extinguished by the deed conveyance, as the delivery of the deed was merely collateral to the sales contract and not a fulfillment of its terms. *Lawrence v. Cameron Savings and Loan Ass'n,* 395 S.W.2d 452 (Mo.1965); *Tighe v. Locke,* 299 S.W. 105 (Mo.App.1926). It is manifest that the deed was merely collateral to the contract as evidence by the fact that possession of the premises was not surrendered by the plaintiff nor was the final portion of $175,000 of the purchase price paid until the September closing date.[1] Thus, since plaintiff at the time of the loss was contractually liable to the purchasers of the farm property for the damages which occurred, she possessed a substantial economic interest sufficient to support an insurable interest for recovery under her contract of insurance with defendant. See *M.F.A. Mutual Insurance Co. v. Gulf Insurance Co.,* 445 S.W.2d 829 (Mo. 1969), holding that a building contractor, without title to property had "an insurable

---

1. Inasmuch as the plaintiff had not received the full purchase price at the time of the hail storm damage, and absent evidence of any other security for the balance due on the purchase price of $175,000, a vendor's lien would exist. *Causer v. Wilmoth,* 142 S.W.2d 777 (Mo.App. 1940); *Sturdy v. Smith,* 132 S.W.2d 1033 (Mo. App.1939); *Mollett v. Beckman,* 78 S.W.2d 886 (Mo.App.1935). The relevancy of the vendor's lien to the existence of an insurable interest is that the vendor's lien creates "an insurable interest in the nature of a similar right in a mortgage." *Mahan v. Home Ins. Co.,* 205 Mo. App. 592, 226 S.W. 593, 594 (1920).

interest" under a fire insurance policy for damages to property during construction based on a contract whereby the contractor assumed risk of loss by fire during construction—a situation akin to this case.

 Plaintiff also asserts that the trial court erred in refusing to allow an amendment to the pleadings increasing the amount of the damages to conform to the evidence. Plaintiff argues that she should thereby have been allowed to increase her prayer from $2,467.10 to $4,919.14. We agree with plaintiff's assertion and find that the amendment should have been allowed in this case. Under Rule 55.33(b) V.A.M.R. amendments to the pleadings to conform with the evidence are to be freely allowed where the presentation of the merits will be subserved and where the objecting party will not be prejudiced in the presentation of his defense. Courts are consistently admonished to be liberal in allowing such amendments. *Thomas v. Wolfsberger*, 519 S.W.2d 559 (Mo.App.1975). Of course, permission to amend the pleadings is in the sound discretion of the trial court and will not be overturned on appeal unless there is an obvious and palpable abuse of discretion. Nevertheless, "[t]he whole spirit of our present rules of practice is to freely permit amendments to pleadings 'when justice so requires'." *C. S. v. J. W.*, 514 S.W.2d 848, 854 (Mo.App.1974).

We believe that the trial court should have granted the requested amendment. Plaintiff sought only to increase the amount of damages to conform with the actual cost of repairs to the farm property. Evidence of these costs had previously been admitted without objection. The nature and extent of damages was delved into, and there was evidence that the repairs made were reasonable and necessary. No new legal theory or issue was to be interjected into the case. Under such circumstances defendant could not have been prejudiced in the proof of his case, because plaintiff still had the burden of proving the reasonableness of the repairs.

The decision of the trial court is reversed and the cause remanded for a determination only on the issue of damages.

SIMEONE, P. J., and KELLY, J., concur.