**Barbara HARRIS, Appellant,**

v.

**ASSOCIATED DRY GOODS CORPORATION et al., Respondents.**

**No. 42578.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 13, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

Joseph F. Devereux, Jr., St. Louis, for appellant.

John J. Horgan and Mary E. Case, St. Louis, for respondents.

REINHARD, Judge.

In this false arrest case, plaintiff sought $25,000 in actual damages and $50,000 in punitive damages from Associated Dry Goods Corporation, the parent company of Stix, Baer and Fuller, and Jesse Nash, a security guard in Stix, Baer and Fuller at the time of the alleged incident. Plaintiff was arrested in the Stix, Baer and Fuller downtown store on August 3, 1973 allegedly for stealing a small money purse. As a result of the arrest, plaintiff spent five days and nights in jail. Thereafter, her employment of seven years was terminated.

On October 10, 1979, a jury returned a verdict in favor of plaintiff and awarded her $63,000 in actual damages. The jury made no award of punitive damages. Plaintiff immediately made a motion to amend the prayer to conform to the verdict.

Defendants moved to have the court amend the verdict to comply with the prayer in the petition. The court denied plaintiff's motion to amend and ultimately entered judgment in the amount of $25,000.

On appeal, the parties agree that the sole issue for our consideration is whether the trial court properly overruled plaintiff's motion to amend her prayer to conform to the evidence and jury verdict. Plaintiff argues that Rule 55.33(b) and § 509.500 permit the amendment of her prayer. Further, she contends that great liberality should be indulged in permitting the amendment of pleadings, citing *State ex rel. Thomas v. Wolfsberger*, 519 S.W.2d 559, 560 (Mo.App. 1975).

When a party seeks to amend a pleading by leave of court, "permission to amend is wholly discretionary with the trial judge and is not to be questioned on appeal unless there is a clear abuse of discretion." *Kallenbach v. Varner*, 502 S.W.2d 446, 448 (Mo. App.1973). As plaintiff contends, trial courts should be liberal in permitting amendments, but this does not mean trial courts are bound to permit amendments. *Id.* Therefore, to prevail on this appeal, plaintiff must show the trial court abused its discretion. *State ex rel. Thomas v. Wolfsberger*, 519 S.W.2d 559, 560 (Mo.App. 1975).

Plaintiff conceded in oral argument to this court that no Missouri cases directly uphold her claim. However, plaintiff relies primarily on *Prewitt v. Continental Insurance Co.*, 538 S.W.2d 902 (Mo.App.1976) for support.[1] This reliance is misplaced.

In *Prewitt*, the plaintiff sought to recover on an insurance claim for hail storm damages to farm buildings. In *Prewitt*, plaintiff filed suit against defendant for $2,467.10. At trial without a jury, plaintiff presented evidence that the cost of repair was $4,919.14 and thereafter sought to amend her pleadings to conform to the evidence by increasing her prayer from $2,467.10 to $4,919.14. The trial court denied the amendment and found against plaintiff. Reversing on other grounds we said that the trial court abused its discretion in not permitting the amendment.

Unlike the case at bar which was tried by a jury, *Prewitt* was court tried. The attempt to amend in *Prewitt* occurred before the court ruled and in the amendment: "Plaintiff sought only to increase the amount of damages to conform with the actual cost of repairs to the farm property." *Id.* at 906. Defendants apparently made no objection when the testimony of cost of repairs exceeded the dollar amounts in the prayer for relief. Furthermore, we remanded for a retrial on the issue of damages only.

Here, we have carefully examined the record to determine if, as in *Prewitt*, defendants could have protected themselves by proper objection and conclude they could not. Plaintiff's claim for damages included mental anguish, pain, public ridicule, humiliation, embarrassment, damaged reputation, and lost wages. Unlike *Prewitt* where the only evidence of damages was expressed in dollars, all of plaintiff's evidence of damages, except that supporting her claim for lost wages,[2] was not presented in terms of dollars. Arrival at the amount of damages in this case involved many variables. Therefore, objection during trial on the ground that the amounts exceeded the prayer would have been impossible.

Further, we have examined the opening and closing statements and find nothing therein which would have given defendants notice that the plaintiff expected to receive more actual damages than those pleaded.

---

1. Plaintiff cites several other cases wherein she claims amendments have been permitted. However, none of those cases are even remotely applicable to the circumstances in this case and are easily distinguishable. See *Young v. Mercantile Trust Company*, 552 S.W.2d 247 (Mo.App.1977); *Arzberger v. Grant*, 500 S.W.2d 23 (Mo.App.1973); *Barber v. Allright* Kansas City, Inc., 472 S.W.2d 42 (Mo.App. 1971); *Vitt v. Baer*, 335 S.W.2d 681 (Mo.App. 1960).

2. Counsel for plaintiff stated in oral argument to this court that the amount proved for lost wages was near or slightly over the $25,000 prayer.

Although courts have been and should be liberal in permitting amendment of pleadings, we believe that a party's prayer still has a purpose and affects how an adversary proceeds. Under the circumstances as existed here, we find no abuse of discretion in denying plaintiff's motion to amend.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.