**Larry SMITH, Plaintiff-Appellant,**

v.

**CITY OF DE SOTO, Missouri, Defendant-Respondent.**

**No. 44373.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1982.

Rehearing Denied May 14, 1982.

David H. Goldenhersh, St. Louis, for plaintiff-appellant.

Nicholas G. Gasaway, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Hillsboro, for defendant-respondent.

CLEMENS, Senior Judge.

Plaintiff Larry Smith was discharged as a police officer after serving defendant City of DeSoto for seven years. Contending he was wrongfully discharged Smith sued DeSoto for unpaid salary, allowances and fees. For failure to state a claim his original petition was dismissed with leave to refile; his first amended petition met the same

fate. Plaintiff's second petition was dismissed with prejudice for failure to state a claim and he now appeals.

At issue here is the portion of Section 432.070 RSMo.1978 declaring: "No city shall make any contract unless such contract, including the consideration, shall be in writing."

 By the challenged second amended petition plaintiff pleaded he had been commissioned and served as a member of defendant's police force. He now seeks to avoid the above-quoted statutory bar by contending his petition is not in contract; but in quantum meruit, "as much as he has deserved".

Plaintiff cites no authority to support his contention a municipal corporation may be held liable in quantum meruit. To the contrary, see *Layne v. City of Windsor*, 442 S.W.2d 497[6, 7] (Mo.1969) holding as an established rule: "There is nothing to show, nor do any authorities in this state indicate that the theory of quantum meruit can be invoked against a municipal corporation." Cited and applied in *Mo. Intern. Inv., Inc. v. City of Pacific*, 545 S.W.2d 684[3, 4] (Mo. App.1976).

We hold the court did not err in dismissing plaintiff's second amended petition for failure to state a claim. Plaintiff now contends the dismissal should have been without prejudice so that he could file still another amended petition. He concedes this is discretionary with the trial court.

In plaintiff's cited case of *State ex rel. Thomas v. Wolfsberger*, 519 S.W.2d 559[2–5] (Mo.App.1975) we upheld dismissal without leave to amend, holding the dismissal was not "a clear abuse of discretion". Plaintiff also cites *Garbee v. Tyree*, 400 S.W.2d 193[13–15] (Mo.App.1966), holding the trial court's ruling on dismissal "will not be disturbed in the absence of palpable abuse".

 *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483[7, 8] (Mo.1969), parallels the case before us. There the trial court dismissed plaintiff's second amended petition without leave to amend. In upholding that ruling the court held "there may be reached a time when a defendant should no longer be required to continue to respond to amended petitions". So it is here.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.