STATE ex rel. John YOUNG, Respondent,

v.

CITY OF ST. CHARLES, Appellant.

No. 80775.

Supreme Court of Missouri,
En Banc.

Oct. 20, 1998.

Kevin M. O'Keefe, Corinne N. Darvish, St. Louis, for Appellant.

Richard A. Barry, II, St. Louis, for Respondent.

Mary Stewart Tansey, Joann Leykam, Assistant Co. Counselors, Office of St. Charles County Counselor, St. Charles, for Amicus Curiae.

LIMBAUGH, Judge.

At issue in this case is whether the prehearing discovery powers under sections 536.073.1 and 536.077[1] of the Missouri Administrative Procedure Act (MAPA)[2] are applicable to administrative agencies created by home rule charter cities. The circuit court concluded that these sections applied in the underlying case brought by Respondent John Young against the City of St. Charles and issued a writ of mandamus compelling the City to participate in the discovery process. After opinion by the Court of Appeals, East-

1. All statutory citations are to RSMo 1994, unless otherwise stated.

2. Sections 536.010 to 536.215, RSMo 1994 & Supp.1997.

ern District, this Court granted transfer pursuant to article V, section 10, of the Missouri Constitution. Having now concluded that sections 536.073.1 and 536.077 are not applicable to administrative agencies created by a city charter, the writ of mandamus issued by the circuit court is quashed.

The City of St. Charles, Missouri, is a municipal corporation organized as a home rule charter city. On or about August 1, 1996, Respondent, John Young, was dismissed from his employment as a commissioned police officer with the City's police department by order of the Chief of Police David King. The dismissal followed an investigation into alleged misconduct on the part of Officer Young that was conducted by Captain Jack Banas. Young appealed his dismissal to the city administrator, as provided in section 14.3 of the City of St. Charles employee personnel manual. After the city administrator upheld Young's dismissal, Young then filed a request for a hearing before the City's personnel board, pursuant to section 14.4(b) of the personnel manual. Before the personnel board set the matter for a hearing, Young served notices of deposition on Chief King and Captain Banas. The City filed a motion to quash the depositions, and the personnel board issued an order refusing to issue subpoenas for the depositions. Young also sent a notice of deposition to the City's attorney seeking to depose William Storer, a handwriting expert. The City filed a motion to quash that deposition as well, but the personnel board has not yet ruled on the motion. Young subsequently sought a writ of mandamus from the St. Charles County Circuit Court alleging he had a clear legal right to take the discovery depositions and alleging that the City, through its personnel board, had a clear legal duty to issue the subpoenas. The circuit court then issued a writ of mandamus ordering the personnel board to issue subpoenas compelling the attendance of these witnesses at depositions.

In order to be entitled to a writ of mandamus, Young must show a "clearly established and presently existing" right to the relief sought. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994).

In this case in particular, Young must show that sections 536.073.1 and 536.077—the two discovery provisions of the MAPA—are applicable to the personnel board and require it to issue subpoenas for depositions. Young asserts that sections 536.073.1 and 536.077 apply because they are part of the MAPA and that the personnel board is subject to the MAPA because it is an agency under section 536.010(1). The term "agency" is defined under section 536.010(1) as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." Section 536.010(2), in turn, defines a "contested case" as a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." The parties stipulate that the matter before the personnel board is a "contested case."

To further explain his position, Young states that the MAPA is a comprehensive statutory scheme envisioned by the legislature to apply to all agencies and urges that sections of chapter 536 should not be parsed out and applied to some agencies but not to others. In that regard, it has long been established that the MAPA applies not only to state created agencies, but also to local governmental agencies, because local agencies are created "by law," meaning "by constitutional provision, statute, municipal charter provision or ordinance." *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958). *See also Weber v. Firemen's Retirement System,* 872 S.W.2d 477, 479 (Mo. banc 1994); *Byrd v. Board of Curators of Lincoln University,* 863 S.W.2d 873, 875 (Mo. banc 1993). Indeed, the City agrees that the personnel board is an agency under this definition in that it is created "by law." However, because of the limiting language in sections 536.073.1 and 536.077, Young's suggestion that all sections of the MAPA have blanket application to all administrative proceedings is simply inaccurate. Sections 536.073.1 and 536.077 provide:

In any contested case *before an agency created by the constitution or state statute,* any party may take and use depositions in the same manner, upon and under the same conditions, and upon the same notice,

as is or may hereafter be provided for with respect to the taking and using depositions in civil actions in the circuit court ...

Section 536.073.1. (emphasis added).

In any contested case *before an agency created by the constitution or state statute,* such agency shall upon request of any party issue subpoenas and shall in a proper case issue subpoenas duces tecum. Subpoenas other than subpoenas duces tecum shall on request of any party be issued with the caption and number of the case, the name of the witness, and the date of appearance in blank, but such caption, number, name and date shall be filled in by such party before service ...

Section 536.077. (emphasis added).

■ The operative language in both of these discovery provisions of the MAPA requires the agency to have been "created by the constitution or state statute." Accordingly, the question is not as Young argues whether the personnel board is created "by law," but instead whether the personnel board is "an agency created by the constitution or state statute."

■ The situation presented here is analogous to *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907 (Mo. banc 1997). *Alumax* dealt with the question of whether an ordinance passed pursuant to a city charter was one of the "revenue laws of this state," as that term is used in article V, section 3, of the Missouri Constitution. This Court held the "revenue laws of this state" are laws adopted by the general assembly; thus, while the ordinance was a revenue law, it was not a revenue law of this state. *Id.* at 910–911. Similarly, while local ordinances adopted pursuant to a charter are enforceable laws, *Bueche v. Kansas City,* 492 S.W.2d 835, 842 (Mo. banc 1973), they are not state statutes. Thus, an agency created solely by virtue of a city charter and code of ordinances is not an agency "created by the constitution or state statute." The personnel board was not "created by the constitution or state statute" but rather exists solely by virtue of the City's charter and code of ordinances.

■ Because the personnel board is not "created by the constitution or state statute,"

it is not subject to sections 536.073.1 and 536.077; consequently, Young has no clearly established and presently existing right to prehearing subpoenas and depositions under those sections. Therefore, the trial court's writ of mandamus is quashed.

BENTON, C.J., and PRICE, COVINGTON, HOLSTEIN and WOLFF, JJ., and SPINDEN, Special Judge, concur.

WHITE, J., not participating.