Jeff KAUFMAN, Appellant,

v.

ST. CHARLES COUNTY,
et al., Respondents.

No. ED 77503.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 31, 2000.

Richard Andrew Barry, III, Law Offices of Rick Barry, P.C., St. Louis, for appellant.

Lisa Lynn Leslie, Assistant St. Charles County Counselor, St. Charles, for respondents.

SIMON, Judge.

Jeff Kaufman (Kaufman) appeals from a summary judgment of St. Charles County Circuit Court in favor of St. Charles County (County) in Kaufman's action seeking review of the decision of the St. Charles County Merit Commission (Commission) upholding the termination of his employment.

On appeal, Kaufman contends the trial court erred in: (1) granting the County's motion for summary judgment because the court applied the requirements of Section

536.110 RSMo 1994 (all further references herein shall be to RSMo 1994 unless otherwise indicated) instead of Section 536.150 when it found that Kaufman failed to file a timely appeal of the Commission's decision; and (2) granting the County's motion for summary judgment because the County violated Kaufman's procedural and substantive due process rights.

Our standard of review of a grant of summary judgment is to review the record in the light most favorable to the party against whom the judgment was rendered. *ITT Commercial Finance v. Mid-America Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). Our review is essentially *de novo. Id.*

Deputy Jeff Kaufman was an employee of the St. Charles County Sheriff's department from March 21, 1988 until his termination on October 10, 1996. At all times relevant hereto, Kaufman was assigned to the Court Services division of the Sheriff's department. Testimony before the Pre-disciplinary Review Board (Board) shows that on or about August 8, 1996 Kaufman was on his way to work when he observed Linda Bell, assistant director of personnel for St. Charles County, maneuver her personal automobile through a non-flashing red traffic signal at the corner of I 70 and Fifth Street in the City of St. Charles. Upon getting to work, Kaufman proceeded to draft a Missouri Uniform Traffic Ticket (MUTT) citing Bell for violating the traffic signal and delivered the ticket to her the following day.

In light of the personnel department's denial of several grievances filed by Kaufman, and Bell's involvement with the handling of those grievances, Bell felt that Kaufman's issuance of the MUTT constituted harassment. After a series of conversations with Kaufman's supervisor Lieutenant Kaimann, Bell filed a complaint with the Sheriff's Department. On August 14, 1996, Kaufman was notified that an investigation into the propriety of the issuance of the MUTT to Bell had begun. Following the investigation, Kaufman was given a St. Charles County Supervisory Incident Form on October 1, 1996, stating his supervisor was recommending he be dismissed for the issuance of the MUTT to Bell. That same day, Kaufman requested a "pre-disciplinary review."

A pre-termination hearing was held on October 9, 1996. At this hearing, the Board considered the testimony of several witnesses as well as Kaufman's version of the facts as contained in a letter submitted in lieu of an appearance. The Board recommended that Kaufman be terminated. Sheriff Douglas Saulters issued a letter of final termination on October 18, 1996, and Kaufman remained on the County payroll until his receipt of this letter by certified mail on October 19, 1996.

Kaufman appealed his dismissal to the St. Charles County Merit Commission (Commission). Prior to a hearing before the Commission, Kaufman's counsel requested several subpoenas and subpoenas *duces tecum.* Kaufman admits in his brief that the Commission "initially granted the request and issued some subpoenas, which resulted in the attendance and testimony of several witnesses." In a letter to Commission secretary Harold Ellis dated March 4, 1997, Kaufman requested that the Commission issue additional subpoenas in the form of subpoenas *duces tecum* to the St. Charles County Sheriff's Office and to the St. Charles County Prosecutor's Office for any and all correspondence from the former to the latter concerning the MUTT Kaufman issued to Bell. After receiving this letter, Ellis issued a letter on March 5, 1997, to Kaufman's counsel advising him that in order to issue such subpoenas, they must be filled out in their entirety. In a letter dated March 6, 1997, Kaufman's counsel purportedly faxed and mailed the subpoenas as requested.

A subpoena *duces tecum* was issued for "Tim Braun or Custodian of Records, St. Chas [sic] County Prosecuting [sic]" on March 7, 1997, and served on Ross Buehler, First Assistant Prosecutor the same

day. Another subpoena *duces tecum* was issued for "Douglas Saulters or Custodian of Records, St. Chas [sic] County Sheriff's Office" on March 7, 1997, and served on Captain T. Neer, Director of Administrative Services the same day.

On March 10, 1997, Ellis sent a letter to Kaufman's counsel, among others, generally announcing that he had come to the conclusion that the Commission did not have the power to issue or enforce subpoenas and that the subpoenas *duces tecum* requested in Kaufman's March 4, 1997 letter were issued "improvidently." The record shows no attempt by Kaufman to have the issued subpoenas *duces tecum* enforced.

A hearing was held before the Commission on two separate days, February 26, 1997, and March 11, 1997, and testimony was adduced on each day. On the first day, County called St. Charles County Assistant Prosecutor, Dennis Chassaniol to testify. Chassaniol, the prosecutor responsible for deciding not to prosecute Bell for the MUTT issued by Kaufman, testified about his decision to *nolle pros* the ticket. The MUTT was introduced into evidence and Chassaniol was questioned about it. He was also cross-examined by Kaufman's counsel about any correspondence between the Sheriff's Department and the Prosecutor's Office regarding the ticket, but was personally aware of none. County also called Sheriff Saulters to testify. He was also questioned by Kaufman's counsel about any correspondence from his office to the Prosecutor's Office concerning the MUTT issued by Kaufman and testified that there was none. County produced several documents to which Sheriff Saulters testified and was cross-examined. Various other employees of the St. Charles County Sheriff's Department were also called by County to testify on the latter date and all were subject to cross-examination by Kaufman's counsel. Kaufman testified on his own behalf, but did not call any other witnesses. The

Commission upheld the termination of Kaufman on June 6, 1997. Respondent's brief on appeal indicates that Kaufman then filed a petition in the federal district court, which was voluntarily dismissed after Defendants filed a motion for summary judgment on that petition.

On April 23, 1998, Kaufman filed a four-count petition in the Circuit Court of St. Charles County naming as defendants: Linda Bell, Lt. James Kaimann, Sheriff Douglas Saulters, St. Charles County, and the St. Charles County Sheriff's Department (collectively Defendants). The first count of the petition was directed to defendants St. Charles County and St. Charles County Sheriff's Department for breach of contract. The second count was directed against all of the Defendants for violation of Kaufman's right to due process. Count three was directed against Bell for intentional interference with an employment expectancy, and the fourth count in the petition was directed to St. Charles County for administrative review pursuant to Section 536.150. Defendants filed a motion for summary judgment and suggestions in support on May 27, 1998. Defendants attached as exhibits to their motion the affidavit of Sheriff Saulters with attachments: (1) an October 1, 1996 letter from Sheriff Saulters to Kaufman advising him of his right to a pre-disciplinary review; (2) an October 7, 1996 letter from Kaufman's counsel to Sheriff Saulters constituting a written response in lieu of Kaufman's appearance at the pre-disciplinary hearing; (3) an October 18, 1996 letter notifying Kaufman of his dismissal; (4) an excerpt from the Interim Employee Handbook concerning the appeal of disciplinary actions; and (5) a certified mail receipt signed by Kaufman acknowledging his receipt of the October 18 letter. Also attached to Defendants' motion were: (1) another copy of the October 7, 1996 letter from Kaufman's counsel to Sheriff Saulters; (2) the Joint Stipulations of the Parties submitted to the Commission; (3) the affidavit of Linda Bell attached to which is

Bell's initial complaint of August 10, 1996, directed to Lieutenant Kaimann; and (4) the affidavit of Commission Chairman John S. Anderson, attached to which is the appointing authority's proposed findings of fact, conclusions of law, and final decision affirming Kaufman's dismissal which was signed by the Commission.

Kaufman filed a memorandum in opposition to Defendants' motion for summary judgment and also filed a request for leave to file an amended petition on June 26, 1998. Kaufman filed a supplemental memorandum in opposition to Defendants' motion for summary judgment on November 3, 1998. In an order entered on November 18, 1998, the court set a pre-trial motion schedule and granted Kaufman's motion to amend his petition. Kaufman's amended petition added a count for civil conspiracy against all Defendants. Although a copy of the amended petition appears in the record, it is not file stamped and the trial court's docket sheets fail to show that it was filed. In any event, Defendants filed an answer to the amended petition on December 10, 1998.

On December 31, 1998, Defendants filed an amended motion for summary judgment along with the same exhibits attached to the original. Defendants also filed suggestions in support of their amended motion for summary judgment. Kaufman filed a memorandum in opposition to Defendants' amended motion for summary judgment on February 1, 1999, and attached as exhibits: (1) the Commission hearing transcript; (2) the Commission hearing exhibits; and (3) page 5 of the St. Charles County Personnel Administration Program Interim Employee Handbook.

On June 16, 1999, the trial court heard arguments on Defendants' motion for summary judgment and ordered Defendants' counsel to submit a post-argument brief by July 31, 1999, and for Kaufman's counsel to submit his reply brief by August 30, 1999. The cause was removed from the trial docket to be reset after the motion for summary judgment was resolved. Defendants filed their brief on August 2, 1999, and attached as exhibits: (1) Article VII., sections 7.100 through 7.502.7 of the St. Charles County Charter; and (2) a copy of the Supreme Court of Missouri's opinion in *State ex rel. Young v. City of St. Charles*, 977 S.W.2d 503 (Mo.banc 1998). Kaufman filed his brief on August 13, 1999 and attached as exhibits: (1) a copy of this court's opinion in *Smith v. City of De Soto*, 634 S.W.2d 204 (Mo.App. E.D.1982); and (2) a copy of the judgment and order entered by the Circuit Court of Jefferson County in the case of *State ex rel. Steele v. City of Festus* on December 16, 1998, which was appealed and an order entered by this court in *State of Missouri ex rel. Steele v. City of Festus*, 2 S.W.3d 848 (Mo.App. E.D.1999).

On January 6, 2000, the court entered summary judgment in favor of Defendants on all counts of Kaufman's amended petition, specifically finding that Kaufman failed to file a timely appeal of the decision of the Commission. Kaufman's appeal of the summary judgment addresses only the fourth count of his petition concerning the review of the decision of the Commission upholding his termination.

 Initially we note that the trial court requested post-hearing briefs. The briefs contained attachments which are not part of the motion for summary judgment or the response to the motion for summary judgment. The record that the trial court reviews is established by the motion for summary judgment and the response thereto. *Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 85 (Mo. App. E.D.1999); Rule 74.04(c)(3). Therefore, we will not consider the attachments to the post-hearing briefs as part of the record on appeal.

Further, we note that the parties have spent considerable time arguing the impact of *Young v. City of St. Charles*, 977 S.W.2d 503 (Mo.banc 1998), which held that since the City of St. Charles Person-

nel Board was not "created by the constitution or state statute," as provided in Sections 536.073.1 and 536.077, it did not possess the power conferred by these sections to issue pre-hearing subpoenas for depositions. The record is clear that the subpoenas requested by Kaufman were issued and served and there is no indication that Kaufman requested any further subpoenas. Also, there is no indication that Kaufman sought any subpoenas which were issued and not responded to. Further, the rationale of *Young* would only exclude the Commission from the subpoena power granted by 536.073:1 and 536.077, but would not necessarily preclude the issuing or enforcement of subpoenas by another county authority. In any event, the record contains insufficient information to allow us to clarify the issue and its resolution is not necessary to our disposition of the points on appeal.

◼ In his first point, Kaufman argues that the trial court erred in applying the requirements of Section 536.110 instead of the requirements of Section 536.150 to count four of his amended petition seeking judicial review. Kaufman contends that, though the proceeding before the Commission began as a contested case, it became a non-contested case subject only to appeal within a reasonable time as authorized by Section 536.150 because the case changed in character after the Commission stated that it felt the subpoenas it issued were issued "improvidently" and that it did not have the authority to enforce those subpoenas. Kaufman contends that his appeal to the circuit court was filed in a reasonable time as a non-contested case, in compliance with Section 536.150. Defendants argue the case was properly reviewed as a contested case under Section 536.110 and that summary judgment was properly entered due to Kaufman's failure to file the appeal to the circuit court within the thirty-day time frame of Section 536.110.

Section 536.010 defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.070 provides:

> In any contested case: ... (2) Each party shall have the right to call and examine witnesses, to introduce exhibits, to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not the subject of the direct examination, to impeach any witness regardless of which party first called him to testify, and to rebut the evidence against him.

Kaufman testified, cross-examined all other witnesses who testified, introduced exhibits, impeached witnesses, rebutted evidence against him, and was not denied the right to call witnesses. Further, it is clear from Kaufman's brief that the Commission initially "issued some subpoenas, which resulted in the attendance and testimony of several witnesses," and that the subpoenas for the Sheriff and Prosecutor were issued, served and complied with. The record does not show any request on behalf of Kaufman for further subpoenas, nor does it show any attempt to enforce those issued and served. Thus, the hearing possessed all the indicia of a "contested case" hearing. Section 536.010; Section 536.070(2).

The only document Kaufman's counsel objected to not having received at the time of the hearing was a letter from the Sheriff's Department to the Prosecutor's Office regarding the viability of the MUTT issued to Bell. Sheriff's Department Captain Wayne Welker, in charge of the Bureau of Support Operations, testified unequivocally that he had no conversations with the Prosecutor's Office other than one in which he advised them of "controversy surrounding this ticket," and that no correspondence concerning this ticket was sent to the Prosecutor's Office. Sheriff Saulters similarly testified that there was no correspondence from his office to the Prosecutor's Office regarding the MUTT written by Kaufman to Bell. This cause maintained

its character as a contested case and therefore was subject to the thirty-day filing requirement of Section 536.110.

■ Due to our disposition of Kaufman's first point, we find his second point to be similarly without merit. The record contains no indication that Kaufman requested any subpoenas that were denied, or that he requested any enforcement of the subpoenas that were issued and served. Further, both Captain Welker and Sheriff Saulters testified that the alleged correspondence between the Sheriff's Department and the Prosecutor's Office regarding the MUTT issued by Kaufman did not exist. Thus, the record failed to show any prejudice to Kaufman for the non-production of any document. Therefore, because Kaufman failed to demonstrate any prejudice, his rights to due process were not violated. *Medvik v. Ollendorff,* 772 S.W.2d 696 (Mo.App. E.D.1989).

Judgment affirmed.

MOONEY, P.J., and SULLIVAN, J., concur.